[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Plaintiffs in these similar matters came to the Superior Court when the Connecticut Lottery Corporation (CLC) refused to disburse prizes upon an ostensible showing by plaintiffs of 8-BALLS on their scratch-off game cards.[1]
"[A] determination regarding a trial court's subject matter jurisdiction is a question of law. . . . It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Citation omitted; internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Town of Branford, 247 Conn. 407,410-11, 722 A.2d 271 (1999).
The defendant's motion to dismiss is pursuant to Practice Book § 10-30 et seq. on the ground that the court lacks subject matter jurisdiction under General Statutes § 12-817(a).[2]
Defendant claims § 12-817(a) provides an exclusive list of the types of actions for which the CLC may be sued in the Superior Court. That is, because the plaintiffs' cause of action is not one that is provided for in § 12-817, the court lacks jurisdiction. The plaintiffs argue that § 12-817(a) does not provide an exclusive list.
The court is persuaded that it has subject matter jurisdiction. "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 727 ___ A.2d ___ (1999). CT Page 6608
Here, plaintiffs' cause of action arises out of an alleged breach of contract and thus the Superior Court has subject matter jurisdiction pursuant to General Statutes § 51-164s[3] unless otherwise provided by statute. So too, additionally, because "[t]he Superior Court is a court of general jurisdiction that derives its powers from General Statutes 52-1";[4] Bauer v.Waste Management of Connecticut, 239 Conn. 515, 534, 686 A.2d 481
(1996); it has jurisdiction over plaintiffs' claims. Moreover, General Statutes § 12-801(b)(21)[5] provides that the CLC can be sued.
In its brief, the defendant concedes that General Statutes §12-806(b)(21) authorizes the CLC to sue and be sued. Nevertheless, the defendant attempts to persuade this court that General Statutes § 12-817 limits the Superior Court's jurisdiction to the specific causes of action enumerated in that section. The defendant further relies on Charlton Press, Inc. v.Sullivan, 153 Conn. 103, 110, 214 A.2d 354 (1965), for the proposition that specific terms covering a given subject matter will prevail over the general language of the same statute.
Section 12-817 should not be deemed to restrict the subject matter jurisdiction of the Superior Court, particularly in light of § 12-801(b)(21). Rather, the court finds that § 12-817
applies only to claims based on the contractual provision of goods or services to the CLC, and requires that such claims against the CLC must be brought in the superior court for the judicial district of Hartford.
Subsection (a) provides that the court has jurisdiction to enter judgment against the CLC on any action "founded upon any express contract between the corporation and any person or party thereto for the provision of goods, services or professional advice to the corporation or the lottery." General Statutes §12-817(a). Given the presumption in favor of finding jurisdiction, this court will not interpret subsection (a) as impliedly eliminating the court's jurisdiction over all other claims against the CLC. Had the legislature intended to do so, it could have used language to that effect. Moreover, § 12-806(b)(21) is unambiguous on its face in stating that the CLC can "sue and be sued." See Pitchell v. City of Hartford, 247 Conn. 422, ___ A.2d ___ (1999) ("`Where the meaning of a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction.'") It does not CT Page 6609 provide that the CLC can be sued in certain types of cases, as it would if the court's jurisdiction were limited to only the claims described in § 12-817(a).
This determination is supported by the plain language of §12-817(b). Subsection (b) provides in relevant part: "Any action brought under subsection (a) of this section shall be brought in the superior court for the judicial district of Hartford. . . . Such action shall be tried to the court without a jury. All legal defenses, except governmental immunity, shall be reserved to the corporation. . . . Nothing in this section shall be construed to authorize any action against the state of Connecticut or to abrogate any defense available to the state of Connecticut, including governmental immunity." Thus, subsection (b) provides for a court trial and establishes where proper venue lies when a case is brought against the CLC based upon an "express contract between the corporation and any person or party thereto for the provision of goods, services or professional advice to the corporation or the lottery." Taken together, subsections (a) and (b) indicate that certain claims against the CLC must be tried to the court and filed in Hartford, not that the court is deprived of subject matter jurisdiction over all other claims against the CLC.[6]
Thus, the court finds that § 12-817 does not restrict the court's jurisdiction over claims against the CLC. The court finds that it has subject matter jurisdiction pursuant to General Statutes §§ 12-806(b)(21), 51-164s, and 52-1.
Based on the foregoing, the defendant's motion to dismiss inGawitt v. Connecticut Lottery Corp. , Docket No. 354649 and inShea v. Connecticut Lottery Corp. , Docket No. 355022, is denied.
NADEAU, J.