[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has appealed pursuant to General Statutes § 46b-231(n) the decision of the family support magistrate finding the defendant in contempt on September 13, 2000 for failing to comply with a previous child support order.
The defendant claims that the family support magistrate lacked subject matter jurisdiction over the support matter because the defendant has not executed an acknowledgment of paternity pursuant to General Statutes CT Page 16073 § 46b-172 and no court has ever entered a finding of paternity. The defendant also asserts that the support agreements that he entered into are not enforceable because they are not sworn to or on a form prescribed by the Office of the Chief Court Administrator as required by §46b-172(b). Finally, the defendant argues that the underlying action for support is defective because it was not initiated by a verified petition on a form prescribed by the Office of the Chief Court Administrator as required by § 46b-215(a)(3).
The plaintiff and the Attorney General[1] contend that the Family support magistrate had subject matter jurisdiction to enforce the support orders because the defendant has acknowledged paternity in writing. They assert that General Statutes § 46b-215 does not require an acknowledgment of paternity executed pursuant to General Statutes §46b-172.
The court has reviewed the record and the transcript of the proceeding before the family support magistrate. At the hearing on the defendant's appeal, the court received, by agreement of the parties, additional evidence in the form of a certificate of live birth and a written acknowledgment of paternity executed by the defendant.
After reviewing the court file, the transcript of the proceedings, and the additional evidence submitted by the parties, I find the family support magistrate possessed subject matter jurisdiction to enforce the child support orders. Further, any form defects in the underlying petition and support agreement did not affect subject matter jurisdiction and were waived by the defendant.
The record reveals the following facts. On March 11, 1998, the plaintiff brought a custody action against the defendant claiming that he was the father of Garret J. McCormick, whose date of birth was March 3, 1995. The plaintiff also requested as relief in the custody action that the court order the defendant to provide child support. The court approved form that the plaintiff used to initiate the custody action did not include support in the relief requested section of the form. The plaintiff hand wrote in the words "support" in this section of the form.
On April 20, 1998, the plaintiff and the defendant entered into an agreement that was approved and entered as orders by the court. The agreement provided that the plaintiff shall have sole custody of the child and the defendant shall have rights of reasonable and liberal visitation. The agreement also provided that the defendant shall pay to the plaintiff the weekly sum of $137.40 as child support.
On November 3, 1998, the plaintiff filed a motion for contempt claiming CT Page 16074 that the defendant failed to pay child support in accordance with the agreement. On November 24, 1998, the parties entered into a court approved agreement that the defendant was in contempt, that an arrearage of $1,167.80 existed and that the defendant was to pay $50 each week towards the arrearage until the arrearage was paid in full.
On August 9, 2000, the plaintiff, through the support enforcement agency, filed another motion for contempt claiming that the defendant was in violation of the court's child support orders. On September 13, 2000, Family Support Magistrate Christine Burt found the defendant in contempt, entered a purge order of $1,000 and stayed incarceration until October 4, 2000.[2] On September 25, 2000, the defendant filed this appeal of the magistrate's decision finding him in contempt.
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations and internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724,727 (1999).
In order to determine whether the family support magistrate possessed subject matter jurisdiction over the proceeding to enforce the child support agreement in this case, the court must look to the statutes governing child support enforcement. Section 46b-215(a) of the General Statutes provides, in part, as follows:
 The Superior Court or a family support magistrate shall have the authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to . . . a child under the age of eighteen . . . For purposes of this section, the term "child" shall include one born out of wedlock whose father has acknowledged in writing his paternity of such child or has been adjudged the father by a court of competent jurisdiction, or a child who was born before marriage whose parents afterwards intermarry.
The defendant asserts that the statutory definition of child contained in § 46b-215(a) limits the subject matter jurisdiction of a family CT Page 16075 support magistrate to those matters involving an out of wedlock birth where the putative father has executed a sworn acknowledgment of paternity of the child in accordance with General Statutes § 46b-172
or the putative father has been adjudged the father by a court. Section § 46b-172(a) provides that, in lieu of or in conclusion of a paternity proceeding brought pursuant to § 46b-160, a written acknowledgment of paternity executed and sworn to by the putative father shall have the same force and effect as a judgment of the court.
In this case, the defendant has not executed a sworn acknowledgment of paternity pursuant to § 46b-172 nor has a court adjudicated him to be the father. The defendant has however declared in writing that he is "the natural father" of the child at issue here. The defendant also does not dispute that he is the biological father of the child. Cf. Remkiewicz v.Remkiewicz, 180 Conn. 114 (1980) (in which the court upheld the refusal of the trial court to enter a child support order based on a written affidavit of parentage where it was factually established that the defendant was not the child's biological father.)
The defendant's claim that § 46b-215(a) restricts the magistrate's jurisdiction to instances in which a sworn acknowledgment of paternity has been executed in accordance with § 46b-172 is not supported by the plain language of § 46b-215(a). There is no explicit requirement in the statute that the acknowledgment be sworn or that it be executed in conformity with the requirements of § 46b-172. Section 46b-215(a) simply requires that the father acknowledge his paternity in writing. The defendant has done so in this case.
In an analogous situation, the Connecticut Supreme Court held that an unsworn, written acknowledgment of paternity was sufficient to support the issuance by the trial court of a weekly child support order. In Statev. Wolfe, 156 Conn. 199 (1968), the Supreme Court held that the statute authorizing the issuance of child support orders in favor of the state for children provided state assistance (then General Statutes § 17-324, now § 17b-745) did not require more than the execution in writing of an unsworn acknowledgment of paternity. In that statute, as in the statute at issue here, the legislature authorized orders against a putative father who "has acknowledged in writing his paternity of" a child born out of wedlock. The court in State v. Wolfe rejected the claim that this statutory language required anything more than an unsworn, written acknowledgment of paternity.
The Connecticut Appellate Court has also rejected the claim that an acknowledgment of paternity must satisfy the formal requirements of General Statutes § 46b-172 in order to serve as the basis for a paternity determination. Fischer v. Goldstein, 14 Conn. App. 487, 490
CT Page 16076 (1988).
The defendant also contends that the family support magistrate lacked subject matter jurisdiction because the support action initiated by the plaintiff was not commenced by service of a verified petition in a form prescribed by the Office of the Chief Court Administrator in accordance with General Statutes § 46b-215(a).[3] The defendant further claims that the support agreement reached by the parties and entered as orders by the court may not be enforced by the family support magistrate because it was not on a form prescribed by the Office of the Chief Court Administrator or sworn to in accordance with General Statutes §46b-172(b).[4]
Neither of these issues were raised by the defendant before the family support magistrate in this case. I do not find that either of these claimed defects affect the subject matter jurisdiction of the family support magistrate to enforce child support orders.
As stated previously, "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations and internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 727 (1999). Section 46b-215(a) explicitly gives a family support magistrate the authority to enforce orders for payment of child support. The failure to use approved court forms or to swear to the truth of the allegations are procedural defects that do not deprive the magistrate of subject matter jurisdiction. See In Re Savanna M., 55 Conn. App. 807 (1999) (in which the court rejected a claim that the trial court lacked subject matter jurisdiction where the movant failed to check a box on a preprinted termination of parental rights petition) and Stewart-Brownstein v.Casey, 53 Conn. App. 84 (1999) (in which the court held that the failure to have the summons signed by a commissioner of the superior court or by a clerk of the court did not deprive the court of subject matter jurisdiction.) The defendant has waived his right to challenge these defects through his failure to file a motion to dismiss at the outset of this action or in any other way to contest the support petition or the agreement.
In light of the above, the decision of the family support magistrate is hereby affirmed.
BY THE COURT
Judge Jon M. Alander CT Page 16077