[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION TO DISMISS POST JUDGMENT (125)
The Plaintiff seeks to have the defendant's motion to modify the judgment dismissed for the reason that the court lacks jurisdiction over the subject matter.
Judgment dissolving the marriage was entered on January 16, 1998 at which time an agreement was found to be fair and equitable and the court ordered it incorporated in the judgment. Inter alia, paragraph 3.3 provides for unallocated alimony and child support in fixed monthly amounts for successive blocks of time. Paragraph 3.4 provides for alimony from September 1, 2009 until December 31, 2014 in fixed monthly amounts. Paragraph 21.3 provides:
 "It is recognized, understood and agreed by the Husband and the Wife that this Agreement contains certain provisions for the post age eighteen care, education, maintenance, and support of their children. Those provisions are a material part of this Agreement. The parties agree that those provisions may be incorporated in the decree of dissolution or legal separation in accordance with Conn. Gen Stat. Section 46b-66. Notwithstanding that incorporation, those provisions shall not be merged in the decree, but shall survive and remain independently enforceable."
The plaintiff refers to § 46b-66 which allows for support of adult children as well as for their education and cites Barnard v. Barnard,214 Conn. 99, 114. Such post-majority provisions cannot be modified unless in writing, Hirtle v. Hirtle, 217 Conn. 394, 399-400. Since the unallocated alimony and child support continue after the children become adults and no written agreement exists modifying "the child support portion of the unallocated alimony and child support provisions" the plaintiff asserts that this court lacks subject matter jurisdiction over the defendant's motion to modify (123) which seeks a downward modification ". . . . of his outstanding alimony and child support obligations". CT Page 1620
The argument presented by the plaintiff asks the court to find that there is no statutory jurisdiction and that it is the equivalent of lack of subject matter jurisdiction. Title 46b Family Law, Conn. General Statutes provides this court with subject matter jurisdiction. It is the authority of a court to adjudicate the type of controversy presented by the action before it, Rosenfield v. Rosenfield, 61 Conn. App. 112,115-116 (2000). To quote from the decision at p. 116:
 "In Amodio, the court further explained that, `[a]lthough related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute.' (Internal quotation marks omitted.) Amodio v. Amodio, supra, 247 Conn. 728. That court noted that this distinction has been recognized and applied in Connecticut from the time of Terry's Appeal from Probate, 67 Conn. 181, 185, 34 A. 1032 (1896). Amodio v. Amodio, supra, 728-29."
The motion to dismiss is denied.