[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS #102
This is an action seeking a writ of mandamus ordering the defendant to award the plaintiff, a retired school bus driver, a retroactive pension in the amount of $651.71 per month On October 2, 2000, the defendants filed a motion to dismiss this action on the ground that the court is without subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies.
 I FACTS PROCEDURAL HISTORY
On July 19, 2000, the plaintiff, Lucille M. Simonds, filed a single count complaint against the defendants, the pension board of the town of Plainfield and its alleged members, to wit, Paul Sweet, Plainfield's first selectman, Albert Brundson, Robert Vickers, Robert Cloutier and David Marchesseault (collectively, "the pension board") in their official capacity. Simonds alleges that she was a full-time employee, as defined in the pension plan and various contracts, of the town of Plainfield board of education from September 1967 until her retirement on June 30, CT Page 8149 1999. At the time she applied for retirement, she alleges that she was informed that her pension would be $651.71 per month, but her actual payments are for a lesser amount. Simonds further alleges that she subsequently petitioned the pension board asking that it reconsider the amount of her pension, but it never responded to her request. Simonds claims that the pension board's decision on her pension amount is arbitrary and capricious and violates contractual, statutory and constitutional principles in that: there was no basis for the pension board to award her a lesser amount than her twenty-nine years of full-time service warranted; the pension board violated the state and federal constitution by not providing her with due process of law while depriving her of the property interest she possessed in her pension; and, the pension board violated General Statutes § 7-148 (c)(5) (A)[1] by diminishing her rights and benefits under the municipal pension system.
On October 2, 2000, the pension board filed a motion to dismiss on the ground that the court is without subject matter jurisdiction due to Simonds' failure to exhaust her administrative remedies by following the grievance process contained in the collective bargaining agreement between the board of education and the bus drivers association. Further facts will be set forth as necessary.
 II DISCUSSION
In support of its motion to dismiss, the pension board submitted, as Exhibit A to its memorandum, the affidavit of Athena Nagel, the business manager of the Plainfield board of education, which attests that on March 25, 1999, she sent a memorandum to Simonds setting forth her pension calculations and indicating that Simonds would receive credit for 5.25 years of full-time service. The March 25, 1999 memorandum is Exhibit B to the pension board's memorandum. Nagel also attests that Simonds did not file a grievance on this issue.
The March 25, 1999 memorandum states that previous pension calculations were incorrect because Simonds actually only had 5.25 years of credited full-time service. The letter does not explain, nor does the pension board explain in its memorandum, the amount of those previous calculations, who made them or why there was a discrepancy in Simonds credited fulltime service. The March 25, 1999 memorandum shows a monthly benefit of $117.98 based upon 5.25 years of full-time service, but next to these calculations are handwritten figures that show a benefit of $651.71 based upon twenty-nine years of full-time service. The handwritten notations are not explained in the document, nor were they explained at oral argument on the motion to dismiss. Also, attached to CT Page 8150 the pension board's supplemental memorandum is a letter purportedly sent to the superintendent of schools by Simonds. This letter, dated July 12, 1999, and addressed "TO WHOM IT MAY CONCERN," states: "Please be advised of my intent to retire as of August 13, 1999. This is made necessary due to my health problems. At the present time, there is a major dispute over the amount of my pension payments. I will accept the smaller amount until final resolution of this dispute. When this matter is finally settled, I will expect a lump sum payment for the difference between the smaller amount and the amount I am rightly entitled to for my years of employment." (Emphasis omitted.) The court notes that there is a discrepancy between the August 13, 1999 proposed date for retirement set forth in the July 12, 1999 letter and the June 30, 1999 date of actual retirement alleged in the complaint. This discrepancy has not been addressed by either party.
The pension board argues that this evidence demonstrates that Simonds knew that there was a dispute over the amount she was to receive and that this dispute was based upon whether she was classified as a full-time employee for all of her years of service. This issue, the pension board argues, was clearly covered by the collective bargaining agreement and the grievance procedure, which Simonds failed to utilize.
Simonds counters that she could not file a grievance because she was no longer covered by the collective bargaining agreement at the time she received actual notice of the exact amount of her pension, which was when her first check arrived, after she had already retired. Affixed to Simonds' memorandum, as Exhibit 1, is her affidavit attesting that she never received the March 25, 1999 memorandum that Nagel attests she gave to her. Simonds further attests that she did receive a pension calculation from Nagel on April 22, 1999, one month after Nagel attests that she gave Simonds the March 25th document, and that the April 22nd calculation showed that Simonds would receive $651.71 per month. The April 22, 1999 document is attached to Simonds' memorandum as Exhibit 2 and is addressed from Nagel to Joseph Gillis at the Plainfield town hall. In addition to showing a benefit calculation of $651.71 per month, the document states that Simonds' date of hire was 9/1/67, that her employment ends on 6/30/99, that the effective dates of service are 7/1/70 to 6/30/99, for a total of twenty-nine years, and that benefits will commence on 7/1/99. The document appears to be signed and dated by both Simonds and Nagel.
Simonds also attests that several weeks after receiving the April 22, 1999 document, she received another document from Nagel that showed her pension benefit to be approximately $270 per month, based upon ten years of credited service.[2] Simonds states that she was never advised that the pension amount could be less than $270 until September 1999, when she CT Page 8151 received her first check in the amount of $62.71, and this occurred after she had already retired and was no longer a union member and, therefore, no longer covered by the collective bargaining agreement.
Simonds also argues that the documents show that the pension board, and not the board of education, decided the true amount of her pension. This is especially evident, she argues, because the amount she actually received cannot be found on any document prepared by Nagel, the business manager for the board of education As such, Simonds argues, because the pension board, a third party to the collective bargaining agreement, actually determined the amount of her benefit, the grievance procedure is not applicable, or, in the alternative, its applicability becomes a question of fact.
"Whether a dispute is grievable under a collective bargaining agreement depends on the proper interpretation of the agreement." Mendillo v. Boardof Education, 246 Conn. 456, 476, 717 A.2d 1177 (1998). "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. See, e.g., OGIndustries, Inc. v. Planning Zoning Commission, 232 Conn. 419, 425-26,655 A.2d 1121 (1995). In the absence of exhaustion of that remedy, the action must be dismissed. See, e.g., id., 431." Drumm v. Brown,245 Conn. 657, 676, 716 A.2d 50 (1998). "Despite the important public policy considerations underlying the exhaustion requirement, [the Supreme Court has, however,] grudgingly carved several exceptions from the exhaustion doctrine." (Internal quotation marks omitted.) Mendillo v.Board of Education, supra, 246 Conn. 467. "One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate. . . . An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief." (Citations omitted; internal quotation marks omitted.) Id. Futility in seeking an administrative remedy may be found only when such action could not result in a favorable decision and would, invariably, result in further judicial proceedings. Simko v.Ervin, 234 Conn. 498, 507, 661 A.2d 1018 (1995).
In the present case, Simonds alleges that the pension board miscalculated the amount of her pension. She does not a allege a violation of the collective bargaining agreement or any misdeed on the part of the board of education or its employees. The evidence presented to the court in support of the motion to dismiss does demonstrate that Simonds had knowledge of a possible discrepancy in the exact amount of her pension benefit. The evidence does not, however, explain whether it was the board of education or the pension board that was responsible for CT Page 8152 the pension benefit calculations, recalculations and final determination of the amount of Simonds' benefit. If, as Simonds alleges, the pension board was responsible for determining the amount of her pension benefit, based upon its own calculations of her full-time/part-time employment, then the grievance procedure contained in the collective bargaining agreement would be futile and inadequate because any decision by the board of education would have no bearing on the pension board. The pension board simply has not offered any evidence to dispute the allegation that it was the pension board, and not the board of education, that was responsible for making these determinations in relation to Simonds' pension.
"It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged"; (internal quotation marks omitted.) Amodio v.Amodio, 247 Conn. 724, 728, 724 A.2d 1084 (1999); "and there is no reason why this rule should not be applied when failure to exhaust administrative remedies is advanced as a reason for a finding of absence of subject matter jurisdiction." Bennett v. Town of Sprague, Superior Court, judicial district of Judicial District of New London at Norwich, Docket No. 119551 (February 22, 2001, Corradino, J). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees of RegionalCommunity Colleges, 207 Conn. 59, 62, 539 A.2d 1000 (1988); see alsoKnipple v. Viking Communications, 236 Conn. 602, 608, 674 A.2d 426
(1996). "In evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor. . . ." (Citations omitted; internal quotation marks omitted.) Thomas v. West Haven, 249 Conn. 385, 392,734 A.2d 535 (1999), cert. denied, 528 U.S. 1187, 120 S.Ct. 1239,146 L.Ed.2d 99 (2000).
Invoking the existing record and construing the evidence in a light most favorable to Simonds, in accordance with the standard set forth above, the court denies the pension board's motion to dismiss for lack of subject matter jurisdiction.