[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above matter was commenced by writ, summons, and complaint returnable to the Superior Court for the Judicial District of Stamford/Norwalk on January 23, 2001. The complaint seeks a dissolution of marriage, joint custody, and visitation rights. The plaintiff husband ("husband") is a resident of Greenwich, Connecticut. The defendant wife ("wife") is and at all times since the filing of the complaint a resident of Atlanta, Georgia. The parties have two minor children, Rebecca Trofort, born November 27, 1991 and Franky Trofort, Jr., born June 8, 1994. Both children reside with their mother, and, according to the affidavits on file, have not been residents of Connecticut for nearly CT Page 13685 five years. The wife has entered an appearance and at the same time therewith filed a Motion to Dismiss (#106) that portion of the complaint seeking custody and visitation, citing lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA") set forth in Sections 46b-115 et. seq. C.G.S., The motion was denied without prejudice on May 16, 2001, and the wife has now renewed it (#118).
 LAW
The Superior Court has jurisdiction to hear family relations maters, including custody proceedings filed pursuant to chapter 815p (formerly chapter 815o, Uniform Child Custody Jurisdiction Act repealed effective July 1, 2000) otherwise known as the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). While neither party can confer subject matter jurisdiction on the court, once that jurisdiction has been established, the court is free to exercise the same within statutory bounds. Rosenfield v. Rosenfield, 61 Conn. App. 112, 116, 762 A.2d 511
(2000). Moreover, "every presumption favoring jurisdiction should be indulged." Amodio v. Amodio, 247 Conn. 724, 728, 724 A.2d 1084 (1999). The question before this court (or for that matter any court having the power to hear family matters) is not does it have jurisdiction, but rather, is it appropriate to exercise that jurisdiction. The exclusive jurisdictional basis for a court to make an initial custody determination is set forth in Section 46b-115k C.G.S. There are six separate subdivisions set forth in that section covering such concepts as "home state," residence of the parents and the child, and "significant connection." Subdivision (5) is interesting in that it permits the exercise of jurisdiction where "all courts having jurisdiction" under the first four subdivisions have "declined jurisdiction" in favor of Connecticut "as a more appropriate forum." However, the catch-all is found in subdivision (6) which allows Connecticut to exercise jurisdiction where "no court of any other state would have jurisdiction under subdivisions (1) to (5), inclusive, of this subsection." Thus, the door is left open for the courts of this state to deal with custody issues in a variety of circumstances. Absent from the statute is the situation presented here, namely, a case in which custody and visitation, at least for the moment, are not in issue anywhere in the country but Connecticut.
There is a strong presumption running through the law that it is in the best interest of a minor child that he or she be in the custody of the natural parent. This has been codified in Section 46b-56b C.G.S. Moreover, unless a determination has otherwise been made by a court, "the father and mother of every minor child are joint guardians of the person of the minor, and the powers, rights and duties of the father and motherCT Page 13686in regard to the minor shall be equal." Section 45a-606 G.G.S. Those powers are defined in Section 46a-604 (5) C.G.S. and include "the obligation of care and control" and "authority to make major decisions affecting the minor's education and welfare." For all intents and purposes this amounts to joint custody.
Because of the significance of a custody determination and its impact upon the parents and the minor children, under all the facts and circumstances of this case, this court believes that a "wait and see" approach is more prudent, and that a declination to exercise its authority is preferable to outright dismissal.
 FINDINGS
The court having reviewed the file and considered the evidence, in particular the financial affidavit of the husband and the custody affidavits, as well as having considered the provisions of Sections 46b-1,46b-56, 46b-56a, 46b-56b, 45a-604, 45a-606, and 46b-115 et. seq. C.G.S., hereby finds as follows:
 1. That the complaint herein seeks, inter alia, joint custody and visitation rights regarding the two minor children.
 2. That said children have resided with the wife in Atlanta, Georgia, since August 1999; and that Connecticut is not the home state of said children within the meaning of Section 46b-115k(1).
 3. That there was no evidence presented to the court concerning the pendency of any other matter affecting the custody of said minor children.
 4. That, at this time, the court has no basis for the exercise of jurisdiction to make an initial determination regarding custody of and visitation with the minor children.
 5. That the State of Georgia would be a more convenient forum to decide this issue; but that neither the State of Georgia nor any other jurisdiction has indicated that it would exercise jurisdiction in this matter.
6. That the parties are both of limited financial means. CT Page 13687
 7. That this court has entered child support orders for which the defendant has, in her home state of Georgia, sought enforcement under the Uniform Interstate Family Support Act ("UIFSA"); and that unless Connecticut retains jurisdiction, there is no analogous method for the husband to initiate and enforce rights of custody and visitation, in his home state of Connecticut at this time.
 8. That if the present matter, custody and visitation plea is dismissed, as a practical matter, there will likely be no readily accessible forum for the husband to determine his custody and visitation rights.
 9. That the husband and wife are equal guardians of the minor children until such time as a court of competent jurisdiction pursuant to a law substantially similar to Section 46b-115 C.G.S. (otherwise known as the Uniform Child Custody Jurisdiction and Enforcement Act) shall assume jurisdiction and enter appropriate orders.
 ORDER
IT IS HEREBY ORDERED THAT:
The Motion to Dismiss (#118) is HEREBY DENIED without prejudice, however, the court HEREBY DECLINES to exercise jurisdiction regarding custody and jurisdiction at this time until such time as a court in another jurisdiction assumes such jurisdiction pursuant to the UCCJEA, reserving its powers to act sooner as the interests of equity and justice may require. The court RETAINS JURISDICTION regarding all other issues pending before it in this matter.
THE COURT
SHAY, J.