[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (No. 112)
Conn. Gen. Stat. § 52-102b provides a mechanism whereby a person may be added as a defendant in a civil action for apportionment of liability purposes. The statute sets forth an exception to the statute of limitations applicable to new claims brought against apportionment defendants by first-party plaintiffs. "Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." Sec. 52-102b(d). The slip and fall case now before the court presents a jurisdictional question arising from this statutory exception. What if an apportionment complaint, duly served, turns out to be legally invalid, but before its invalidity is judicially determined, the first-party plaintiff goes ahead and asserts a new claim against the apportionment defendant pursuant to subsection (d)? Does the court have jurisdiction over the new claim in spite of the fact that the apportionment defendant should never have been an apportionment defendant in the first place? For the reasons set forth below, the answer to this latter question is in the affirmative.
This case, as mentioned, arises out of a slip and fall incident. Margaret C. Sibilla, the first-party plaintiff, alleges that on January 16, 1999, she was injured by slipping on ice and snow in a parking area of a condominium complex in West Haven. On November 16, 2000, she commenced this action by service of process on two first-party defendants: Savin Harbor Condominium Association, Inc. ("Savin Harbor") and Imagineers, L.L.C. ("Imagineers"). Savin Harbor allegedly owned the premises in question; Imagineers allegedly maintained and controlled them. Both first-party defendants are alleged to have negligently allowed ice and snow to have accumulated in the area where Sibilla fell.
On March 23, 2001, Savin Harbor and Imagineers served an apportionment complaint against Curt Manseau pursuant to Conn. Gen. Stat. § 52-102b. The exceedingly brief apportionment complaint does not allege what exactly Manseau supposedly did to merit the title of apportionment defendant. It merely states that, "To the extant that the allegations against Savin Harbor . . . and Imagineers . . . are proven by the plaintiff, the apportionment plaintiffs are entitled to an apportionment of liability and damages pursuant to Connecticut General Statutes §52-102b and § 52-572h." CT Page 14696
The return date of the apportionment complaint is April 24, 2001. On May 29, 2001, Sibilla filed a new complaint directed at Manseau (the "new complaint"). The new complaint alleges that Savin Harbor and Imagineers contracted with Manseau for the removal of ice and snow from the premises in question. Manseau was allegedly negligent in allowing ice and snow to accumulate on the premises.
On April 20, 2001, Manseau filed a motion to strike the apportionment complaint. On June 27, 2001, Manseau's motion was granted by the court (Licari, J.). Licari, J. noted that the apportionment complaint "is silent on the factual basis for apportionment." However, "based upon the way the parties have framed" the "context" of the case, Licari, J. stated the issue to be "whether or not liability can be apportioned between the contractor and the landowner who hired him to completely perform his nondelegable duty." He concluded that the vicarious liability of the landowner "renders § 52-572h(c) inapplicable as a matter of law because there is nothing to apportion." Licari, J. consequently granted Manseau's motion to strike the apportionment complaint.
As will be seen from this chronology, Sibilla's new complaint against Manseau was filed while Manseau's motion to strike Savin Harbor's and Imagineers's apportionment complaint was pending. On June 19, 2001 (eight days before Licari, J. filed his decision), Manseau filed the motion to dismiss now before the court. The sole ground of the motion is the asserted expiration of the statute of limitations. Manseau argues that Sibilla's new complaint was not brought within two years of her injury as required by Conn. Gen. Stat. § 52-584. He further argues that the exception to the statute of limitations set forth in Conn. Gen. Stat. § 52-102b(d) is inapplicable "since the apportionment complaint was invalid as a matter of law." The motion was heard on October 15, 2001.
The sole ground of the motion to dismiss is the asserted expiration of the statute of limitations. Manseau does not attack the sufficiency of Sibilla's stated cause of action nor could he in light of Gazo v. City ofStamford, 255 Conn. 245, 765 A.2d 505 (2001). His claim is that the court lacks jurisdiction to hear that cause of action.
The dispositive question is whether Manseau's statute of limitations argument implicates the court's subject matter jurisdiction. As I understand it, Manseau's argument goes like this. The jurisdiction of the court over apportionment defendants is established by Conn. Gen. Stat. § 52-102b. The court (Licari, J.) has now determined that the apportionment complaint is legally invalid. With the striking of the apportionment complaint, the court has no further jurisdiction over Manseau in his capacity as apportionment defendant. Because of that CT Page 14697 fact, the argument goes, the court additionally lacks jurisdiction over Manseau in his capacity as a § 52-102b(d) defendant.
Although Manseau's reasoning is supported by at least one unofficially reported Superior Court decision; Nemecek v. Town of Ashford,27 Conn. L. Rptr. 312 (2000) (Bishop, J.); I respectfully disagree. While §52-102b might be considered a jurisdictional statute with respect to apportionment defendants in their capacity as apportionment defendants, it is not a jurisdictional statute with respect to new claims brought by first-party plaintiffs directly against apportionment defendants. Sec.52-102b(d) provides a limited exception to the statute of limitations with respect to such claims, but that provision is not jurisdictional in nature. Putting the statute of limitations issue to one side, Manseau is in exactly the same position that he would have been in had Sibilla brought a first-party claim against him directly. The asserted lateness of such a claim does not deprive the court of jurisdiction to hear it.
"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it."Amodio v. Amodio, 247 Conn. 724, 727, 724 A.2d 1084 (1999). (Internal quotation marks and citations omitted.) There can be no question of the court's authority to entertain the type of garden variety personal injury claim presented here. Gazo v. City of Stamford, supra.
The relationship of subject matter jurisdiction to the expiration of statutes of limitation is well established. Our Supreme Court has explained that:
 As a general rule, if a statute creates a cause of action that did not exist at common law, the period established for bringing the action is a limitation of the liability itself and not of the remedy alone. . . . In such a case, if a plaintiff has failed to comply with the limitation period, a court should dismiss the action for lack of subject matter jurisdiction. If however, an action is barred by a statute of limitations period that does not inhere in the action itself the remedy is not a dismissal but a judgment for the party asserting the bar.
Wilson v. Kelley, 224 Conn. 110, 123, 617 A.2d 433 (1992).
While the procedure used by Sibilla to bring her claim against Manseau was created by statute, her cause of action — negligence — is one of common law. Under these circumstances, the asserted expiration of the statute of limitations does not deprive the court of jurisdiction to hear CT Page 14698 her claim. A defense asserting the expiration of the statute of limitations must be specially pleaded. P.B. § 10-50. If Manseau wishes to assert his claim in a pretrial motion, he must do so by way of a motion for summary judgment.
The court expresses no opinion as to whether the statute of limitations has, in fact, expired. The only issue before the court is one of jurisdiction.
The motion to dismiss is denied.
Jon C. Blue Judge of the Superior Court