[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #109 OBJECTION TO MOTION TO DISMISS
CT Page 14126
The plaintiff in this matter is "Jane Doe", the defendant is Hill Health Corporation, (hereinafter "HHC") a Connecticut Corporation with a principal place of business located at 400-428 Columbus Avenue, New Haven Connecticut. The plaintiff alleges that some time prior to December 24, 1998, she was admitted for inpatient care to South Central Rehabilitation Corporation (hereinafter "SCRC") located at 232 Cedar Street, New Haven, Connecticut, a business owned and operated by NBC. Plaintiff farther alleges that while a patient at SCRC, she was lured into a stairwell of the facility by an agent, servant or employee of NBC and was raped, sexually assaulted, assaulted, battered, restrained, threatened, and/or otherwise physically abused.
On October 3, 2001, the defendant filed a Motion to Dismiss the plaintiff's Complaint for lack of subject matter jurisdiction, asserting that "Jane Doe, is not a person in law or a legal entity with legal capacity to sue." On October 11, 2001, the plaintiff filed an Objection to the defendant's Motion to Dismiss.
Before addressing the merits of defendants' motion and the plaintiff's objection thereto, a brief discussion of subject matter jurisdiction is necessary:
 It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. " (Internal quotation marks omitted.) Blakeney v. Commissioner of Correction, 47 Conn. App. 568, 572, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998).
 Pinchbeck v. Dept. of Public Health, 65 Conn. App. 201, 208 (2001).
The defendant in the instant action asserts that the Court does not have subject matter jurisdiction over this matter for reason that that plaintiff, Jane Doe:
 . . . "[W]as neither a natural person in law nor a legal entity at the time that this action was commenced . . ."
Section 52-45a of the Connecticut General Statutes concerns the commencement of civil actions. This statute provides that:
CT Page 14127 Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and "information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable. (emphasis added)
The plaintiff in the instant action did not describe herself by using her name, but instead used the fictitious name of "Jane Doe". This was presumably done for reason of the particularly disturbing nature of the underlying facts of this case.
 . . .[A] plaintiff who desires to use a name other than his own should, before the case is presented in court, acquaint the court of his desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases. The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest.
 Buxton v. Ullman, 147 Conn. 48, 60 (1959).
The plaintiff herein did not seek the Court's permission to file this action under a fictitious name before the action was commenced. The defendant asserts that because the plaintiff used a fictitious name she was "neither a natural person in law nor a legal entity at the time that this action was commenced" and therefore the Court is without subject matter jurisdiction.
 "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 727, 724 A.2d 1084 (1999).
 Hanes v. Board of Education of Bridgeport, 65 Conn. App. 224, 228 (2001).
This Court disagrees with the defendant assertion that a "Jane Doe" CT Page 14128 plaintiff is neither a natural person nor a legal entity capable of suing. The Courts of this state allows plaintiffs to bring cases under a fictitious name, Buxton, Id. There are several cases in recent history brought under the name of Jane or John Doe; Doe v. Yale University,252 Conn. 641 (2000), Doe v. Statewide Grievance Committee, 252 Conn. 932
(2000); Doe v. Department of Public Health, 249 Conn. 908 (1999), and a plethora of other cases. Clearly, the Court has the authority to hear cases brought by a plaintiff under a fictitious name. The issue in this case is whether the plaintiff's failure to obtain the Court's permission to use a fictitious name before the filing of the Complaint deprives the Court of subject matter jurisdiction. It is the finding of this Court that it does not. The failure to obtain the Court's permission before filing a Complaint with a fictitious name may implicate a defect in service, it does not however implicate the Court's actual authority to adjudicate the matter. The objection to the Motion to Dismiss is sustained.
Richard A. Robinson, J. October 29, 2001