[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by decree of this court on July 27, 2000. A Separation Agreement dated July 26, 2000, was incorporated by reference therein. The implementation of the terms of this agreement has been a source of contention by both parties post dissolution. The plaintiff wife ("wife") filed a Motion for Contempt dated June 18, 2001 (#274), which was served upon the defendant husband ("husband") pursuant to an Order to Show Cause. The husband countered with several motions, including a Motion to Dismiss dated July 6, 2001 (#279), which motion is the subject of the present dispute. The court heard oral argument on July 23 and again on September 4, following which the court permitted the filing of Supplemental Briefs.
The thrust of the husband's argument is threefold, to wit: 1) That the court lacks subject matter jurisdiction; 2) That the wife's failure to comply with Section 25-27 of the Practice Book is fatal and deprives the court of jurisdiction; and 3) That the wife's pleadings do not contain sufficient facts and therefore the husband cannot adequately respond and has been deprived of due process. The wife, for her part dismisses the husband's arguments. Moreover, she contends that the husband's attempt to introduce an unattested letter supporting his Motion to Dismiss does not comply with Section 25-13 of the Practice Book. The court agrees with the wife's argument as to this point, and the proffered letter was therefore CT Page 16473 not considered in this decision.
Subject Matter Jurisdiction:
A motion to dismiss is used to assert inter alia lack of subject matter jurisdiction and insufficiency of process. Section 25-13 ConnecticutPractice Book. The Superior Court has subject matter jurisdiction over all family law matters as defined by General Statutes § 46b-1. While neither party can confer subject matter jurisdiction on the court, once that jurisdiction has been established, the court is free to exercise the same within statutory bounds. Rosenfield v. Rosenfield, 61 Conn. App. 112,116, 762 A.2d 511 (2000). Moreover, "every presumption favoring jurisdiction should be indulged." Amodio v. Amodio, 247 Conn. 724, 728,724 A.2d 1084 (1999). Specifically, the jurisdiction of the court extends to "all rights and remedies provided for in chapter 815j." This includes motions for contempt under Section 46b-87 C.G.S. In addition, the husband has attacked neither the method of service of the motion nor the fact of actual notice to his client pursuant thereto.
Section 25-27 Connecticut Practice Book:
The thrust of Practice Book 25-27 section is by no means jurisdictional. It serves the function of permitting the Judicial Branch to manage the docket and keep track of cases. The husband has asked this court to exalt form over substance; something it declines to do. As this court has observed on several occasions, an overly strict reliance upon the letter, without consideration of the spirit, of practice rules does not serve the interests of justice. Rules of practice and pleading serve the very important functions of fair notice and of providing an orderly and predictable format within which to resolve legal disputes within the court system. They should not be applied with a draconian hand, but rather with fairness and common sense.
Due Process:
The husband argues that the wife has failed to adequately set forth the nature of his alleged contempt as required by Section 25-13 of the Practice Book., and that as a result, he has somehow been deprived of due process. "Due process of law requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel and have a chance to testify and call witnesses in his behalf." Bryant v. Bryant, 228 Conn. 630, 637 (1994). If the husband seeks a fuller elucidation of the wife's charges, his recourse more properly is by means of a motion addressed to the pleadings. However, the court has reviewed the pleadings as on file, and CT Page 16474 finds the wife to be in substantial compliance with the Rules of Practice.
For the foregoing reasons, the husband's arguments must fail. Moreover, the court believes that the motions have been interposed for purposes of delay and border on frivolous. Such motions are costly to the parties and place an undue burden upon a court system, already "straining in its traces." The husband and his counsel are hereby admonished thatshould the court find any further dilatory pleadings to be frivolous, itwill consider appropriate monetary and/or other sanctions.
 ORDER
THE FOREGOING MOTION TO DISMISS (#279) HAVING BEEN HEARD, IT IS HEREBY DENIED.
THE COURT
SHAY, J.