[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
As a result of a motor vehicle accident, the plaintiff claims to have been injured and has brought two identical suits, this case and CV01-559601. A motion to dismiss was filed in both actions based on the prior pending action doctrine and on a claim of inadequate service. Two of the defendants are Canadian, Mr. Baril is a resident of Quebec, and Les Enterprises De Transport is located in that province. The court denied the motion in CV01-559601. The court's memory could be mistaken, but in that case, the peculiarities of Canadian provincial law were understood not to be before the court. It has now been raised in the motion to dismiss in this file.
The court's ruling in CV01-559601 is not now before the court nor has a motion to reargue been filed. It seems clear to the court that under the prior pending action doctrine, one of these suits must be dismissed — they both set forth the same cause of action, recite the same factual allegations, and involve the same parties.
The controlling issue before the court is the propriety of the service made on these Canadian Nationals. Here, service was made by certified mail and through the "Central Authority for Quebec," by means of service by a bailiff who resides in Ste-Foy in the Province of Quebec. The service purports to be made under the Hague Convention.
Counsel for the defendant now relies on an opinion from an Attorney Gary Morrison of Montreal. He indicates that the Canadian federal government does not have authority to bind provincial governments in matters of civil procedure. An opinion of the Canadian Supreme Court is relied upon as well as a decision of the Judicial Committee of the Privy Council.
The lawyer further indicates that the Province of Quebec has not enacted the provisions of the Hague Convention through its legislature CT Page 12227 nor has the federal authority tried to legislate in this regard for Quebec. Quebec law through its Code of Civil Procedure stipulates that as to Quebec residents: "Unless specifically otherwise provided, any sheriff or bailiff may make a service anywhere in Quebec (S.120 a1.1). Service must be made by a bailiff who can make personal service but abode service will suffice if the person is not present. (S.123 a1.2). Provision is also made for service on businesses (S.130 a1.1). In the event these modes of service are not possible, S.138 of the Quebec Code of Civil Procedure, according to Attorney Morrison, authorizes service by public notice or mail upon motion before a judge who must authorize such service.
The plaintiff does not appear to contest the opinion of Attorney Morrison as to the ambit of Quebec law. His opinion seems well reasoned and supported and, in fact, appears to find some support in the Canadian section following the Hague Convention for Service Abroad which is located in the "International Agreement," volume of the United States Code (Lawyers' Edition). At section 2.1, which comments on Article 5 of the convention it states that: "In Canada service will be effectuated according to the methods of service prescribed by the laws in force in each province or territory." Nothing analogous to this qualification to the acceptance of the convention appears in sections on the United States or some of the other countries the court examined.
The court concludes that service by certified mail alone would be inadequate to bring these Quebec residents before the court. But from the papers attached to the file, service here appears to have been made by a bailiff. The plaintiff in her opposition to the motion says that in addition to service by certified mail, "A review of the file shows that service was also effected with the Complaint translated French (sic) and served through the Canadian Central Authority." Interestingly, however, if the file papers are examined closely service was really effectuated through the auspices of the Central Authority of Quebec which is listed in the suit papers as having the same street address as that listed for that provincial central authority in the U.S. Code Service — 1200 Route de l'Eqlise, Ste-Foy, Quebec, see International Agreement volume, pages 278 and 281. If bailiff service was made through the auspices of the Quebec Central Authority, the motion to dismiss cannot be granted. Even if bailiff service was made but done so through the Canadian or federal Central Authority that would still seem to comply with the Quebec Code of Civil Procedure — a bailiff made service. Attorney Morrison has not addressed this variation on the theme, but the requirements of comity would not seem to require this case to be dismissed since Quebec has gotten here that very type of service it requires for Quebec nationals — service by a bailiff. Under the circumstances of this case, why CT Page 12228 should the presumption in favor of jurisdiction, recognized in other contexts, cf. Amodio v. Amodio, 247 Conn. 724, 727 (1999), not apply here?
In any event, the motion in this case will not be granted by the court. That results in this situation — if the court were asked to review its action in the companion file where only mail service was made, it would now reverse its action and dismiss that case in light of Attorney Morrison's opinion. Under all the circumstances before the court, however, what appears to make most sense, at least to the court, is to dismiss that action (CV 01-559601) under the prior pending action doctrine. If the motion were to be renewed in that file, the court would grant it on that basis or plaintiff's counsel can decide to withdraw that action.
In any event, the effective date of this motion will be October 4, 2002 to permit both counsel time to evaluate their options in light of this opinion.
The motion to dismiss will be denied as of that date.
 _________________ Corradino, J.
CT Page 12229