### CARNELL HUNNICUTT *v.* COMMISSIONER OF CORRECTION
### (AC 20250)

Lavery, C. J., and Flynn and Peters, Js.

Argued September 25—officially released November 20, 2001

*Ann E. Lynch,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Terrence M. O'Neill,* assistant attorney general, for the appellant (respondent).

*Carnell Hunnicutt,* pro se, the appellee (petitioner).

*Opinion*

PETERS, J. In this appeal from the granting of a writ of habeas corpus, the dispositive issue is the scope of the authority of a habeas court to order a correctional institution to have an inmate examined by an orthopedic surgeon. The respondent maintains that the court lacked such authority in the absence of a finding that the institution had been "deliberately indifferent" to the petitioner's medical needs. We agree with the respondent and reverse the judgment of the court.

The petitioner, Carnell Hunnicutt, filed a petition for a writ of habeas corpus[1] in which he charged that the Northern Correctional Institution (institution) had failed to provide adequate medical care to alleviate pain resulting from an injury to his hand. The petitioner claimed that the institution's inaction violated his rights under the eighth amendment to the United States constitution, which prohibits detention in a manner that constitutes cruel and unusual punishment.[2] Over the objection of the respondent, the court granted the peti-

[1] General Statutes § 52-466 provides in relevant part: "Application for writ of habeas corpus. Service. Return. (a) An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty . . . ."

[2] The eighth amendment to the United States constitution, which is binding on the states under the fourteenth amendment, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

tioner a writ of habeas corpus, requiring the institution to bring him to an orthopedic surgeon for examination and for development of an appropriate treatment plan.[3]

In its oral memorandum of decision, the court recited the facts on which it based its order. Notably, the court hedged each of its significant findings. The court found it relevant that there was a history of long-standing complaints by the petitioner, even though the court did not decide the merits of any of these complaints. The court found it probative that the petitioner had reported "some tenderness" in the injured hand, even though the court recognized that such tenderness might be self-induced. The court acknowledged that the petitioner had not established any traditionally required "objective" symptoms, but found that the report of tenderness in the injured hand should be considered to be "something of an objective sign."[4] Finally, the court found that the institution, by regularly providing the petitioner with over-the-counter medication to alleviate his pain, had lent "some veracity" to his claim because it showed either that the plaintiff had suffered from the alleged pain or that the medication was a placebo. It did not find which of these explanations was the more likely. In assessing these findings, the court decided that it was "conceivable"[5] that "some neurological involvement" might be the cause of the petitioner's pain. It made no finding that the institution had violated the petitioner's eighth amendment rights by subjecting him to "cruel and unusual punishment."[6]

---

[3] The petitioner has not pursued, on appeal, the court's finding that the record did not establish the petitioner's claim of undernourishment. That issue, therefore, is not before us.

[4] The court also recognized that "tenderness can always be invented . . . ."

[5] The court elaborated on its usage of "conceivable." It said: "I have no idea whether that conceivable is something that is likely or probable, but on the other hand it is, in fact, conceivable."

[6] Neither at trial, nor in this court, has the petitioner raised any claims under our state constitution. We therefore focus only on the eighth amendment to the United States constitution.

After the court announced its decision, the respondent filed motions for clarification and articulation.[7] In both motions, the respondent asked the court to state whether it had found that the petitioner had established "deliberate indifference" on the part of the institution and, if so, to state in what manner such "deliberate indifference" had manifested itself. The court denied both motions. It did, however, grant the respondent's request for certification to appeal.

In his appeal, the respondent has proffered two arguments in support of his claim that the court's judgment should be set aside. The first is doctrinal and the second is evidentiary.

The respondent's principal argument of law is that, in the absence of a finding of institutional "deliberate indifference" to the petitioner's medical needs, the court lacked authority to order a referral to an outside medical specialist. The petitioner's brief does not discuss the absence of such a finding or the significance of its absence.

Alternatively, the respondent argues that, if we were to read the court's memorandum of decision as implicitly including a finding of "deliberate indifference," such an implicit finding would be improper because of lack of evidentiary support in the record. The petitioner argues, however, that the court readily could have made such a finding in light of the evidence at trial. We do not reach this issue.

Because both of the respondent's arguments raise issues of law, our review of their merits is plenary.

---

[7] The record seems to indicate that the court rendered its judgment immediately after the closing of evidence. The record, therefore, does not contain separate analyses of issues of law by either party in this case. It appears, therefore, that the respondent had no opportunity, antecedent to the court's judgment, to advise the court of its obligation to determine whether the petitioner's pain resulted from "deliberate indifference" on the part of the institution.

*Connecticut Associated Builders & Contractors* v. *Hartford*, 251 Conn. 169, 177, 740 A.2d 813 (1999); *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999).

Two decisions of our Supreme Court provide the framework for our discussion of the significance of the issuance of a writ of habeas corpus without a finding of a correctional institution's "deliberate indifference" to a petitioner's medical needs. In *Sanchez* v. *Warden*, 214 Conn. 23, 570 A.2d 673 (1990), our Supreme Court concluded that, although a writ of habeas corpus properly might challenge the legality of an inmate's detention, the scope of such a writ was limited to the vindication of an inmate's constitutional rights. Id., 33. In *Arey* v. *Warden*, 187 Conn. 324, 445 A.2d 916 (1982), that court held that, if a writ seeks to vindicate rights under the eighth amendment to the United States constitution, the petitioner must establish, preferably by objective evidence, that his detention has subjected him to cruel and unusual punishment resulting from the unnecessary and wanton infliction of pain. Id., 328–29. "But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." (Internal quotation marks omitted.) Id., 329.[8]

Applying these principles to the facts of this case, the respondent urges us to conclude that, without a finding of "deliberate indifference," any failure to respond fully to the petitioner's claims of pain falls on the nonconstitutional side of the line. We agree. The respondent's argument properly relies on the fact that the record shows that the institution did not ignore the

---

[8] The petitioner takes no issue with the holdings of these cases.

petitioner's complaints.[9] Further, the record contains no objective factors to substantiate the petitioner's subjective feelings of pain. As the court itself noted, tenderness in an injured hand may be self-induced.[10] Finally, it is significant that the court made no finding that anyone at the institution deliberately had inflicted pain on the petitioner.

Under these circumstances, which the petitioner does not challenge,[11] the court's issuance of a writ of habeas corpus must be reversed. Without a showing of deliberate indifference, the facts found by the court do not support the court's order requiring a referral to an orthopedic surgeon.[12] It was the petitioner's burden to make such a showing. We have no reason to doubt the accuracy of the petitioner's claim that he has experienced substantial discomfort because of his injured hand. Nonetheless, in light of the habeas court's findings, the conditions of the petitioner's detention have not, as a matter of law, subjected him to cruel and

---

[9] The petitioner received regular physical examinations and his injured hand was x-rayed. The hand was tested for range of motion and for strength of the handgrip. The petitioner was given medication for his pain. The court itself noted that "there are some times when the pain is mild and is sometimes exaggerated either intentionally or unintentionally because of stress."

[10] See footnote 4.

[11] The petitioner makes numerous complaints about the quality and timeliness of his medical care, but he does not assert that his medical needs were ignored.

[12] At the outset, the respondent challenges the court's subject matter jurisdiction to entertain the petition for a writ of habeas corpus. The issues in this case do not, however, raise any claim with respect to the subject matter jurisdiction of the habeas court. A claim that the court misconstrued the applicable law is not a claim of lack of subject matter jurisdiction. "A court does not truly lack subject matter jurisdiction if it has competence . . . to decide the class of cases to which the action belongs . . . ." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999); *Monroe* v. *Monroe*, 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); *Rosenfield* v. *Rosenfield*, 61 Conn. App. 112, 116, 762 A.2d 511 (2000). None of the cases on which the respondent relies addresses a claim of lack of subject matter jurisdiction.

unusual punishment resulting from "the unnecessary and wanton infliction of pain . . . ." Id., 328.

The judgment is reversed and the case is remanded with direction to render judgment denying the petition for a writ of habeas corpus.

In this opinion the other judges concurred.