[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition filed August 18, 2000, petitioner seeks a writ of habeas corpus. In his petition, it is alleged that he has been diagnosed with Crohn's disease and that respondent's treatment of him is causing irreparable physical damage, the medical department is flagrantly disobedient to his necessities and that the warden is adding to this intentional neglect by allowing his subordinates to continually place his life at risk.
For reasons hereinafter stated, the petition is dismissed.
From the evidence, it is found that on January 8th, 1998, petitioner was convicted of five counts of robbery in violation of Connecticut General Statutes § 53a-134. As a result of such conviction, petitioner was sentenced to a total effective sentence of 20 years execution suspended after 14 years with five years probation with special conditions. At present, petitioner is in the custody of respondent serving this sentence.
After hospitalization, on September 9, 1998, petitioner was diagnosed as having Crohn's disease. This condition has caused petitioner to suffer abdominal pain, vomiting and weight loss. Petitioner's medical history introduced into evidence indicates that he has received extensive medical assistance for this disease and other maladies which he has suffered while in custody.
Dr. Mingzer Tong, a physician affiliated with the Department of Corrections, testified that he was familiar with petitioner's case and continues to treat him for such disease. Dr. Tong confirmed that petitioner was suffering from Crohn's disease. He stated that the disease consists of an inflammation of the lower intestines. There is at present no known cure for the disease, but it can be treated with medication and diet. Petitioner has in the past been treated with medication, but he no longer requires this treatment.
A low-fat, low-fiber diet has been prescribed for petitioner who is aware of what food he can and cannot eat. He also receives three times a day a resource which is a dietary supplement designed to make up for any deficiencies in petitioner's diet.
It was noted that petitioner has, in fact, gained weight recently.
David Potz, the food service supervisor at petitioner's present place of incarceration, testified as to the efforts made by himself and the department dietician to provide petitioner with food which is tailored to his needs. Effort is being made to substitute items in the daily diet to CT Page 16456 accommodate petitioner's requirements. He was also given a job in the kitchen which should facilitate his receiving sufficient food within his dietary restrictions.
The food served in the prison is purchased packaged and prepared. This food is then heated and served. Under these conditions at times petitioner continues to receive food which contains items which he should not eat. Petitioner is aware of which foods he should not eat and at times may be required to remove items, such as breading from fish and corn from mixed vegetables.
The evidence indicates that the Department of Correction is making a strong effort to provide petitioner with the treatment required by his condition and with the prescribed low fat, low-fiber diet.
"In Sanchez v. Warden, 214 Conn. 23, 570 A.2d 673 (1990), our Supreme Court concluded that, although a writ of habeas corpus properly might challenge the legality of an inmate's detention, the scope of such a writ was limited to the vindication of an inmate's constitutional rights. Id., 33. In Arey v. Warden, 187 Conn. 324, 445 A.2d 916 (1982), that court held that, if a writ seeks to vindicate rights under theeighth amendment to the United States constitution, the petitioner must establish, preferably by objective evidence, that his detention has subjected him to cruel and unusual punishment resulting from the unnecessary and wanton infliction of pain. Id., 328-29. `But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" Hunnicutt v.Commissioner of Correction, 67 Conn. App. 65, 69 (2001).
In view of the evidence in this case, the court cannot make a finding of deliberate indifference on the part of respondent.
Accordingly, the petition is dismissed.
Joseph J. Purtill Judge Trial Referee