[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner is a sentenced prisoner confined to the custody of the Commissioner of Correction pursuant to the following:
1. A mittimus issued on November 15, 1996, in docket number CR95-242594 by the Superior Court, Waterbury, sentencing the petitioner to a total CT Page 7657 effective sentence of fourteen (14) years, execution suspended after seven (7) years, with five (5) years probation for violation of General Statutes §§ 53a-56b (a) and 53a-60d (a);
 2. A mittimus issued on November 15, 1996, in docket number MV95-337379 by the Superior Court, Waterbury, sentencing the petitioner to one hundred twenty (120) days mandatory sentence concurrent with CR95-242594 for a total effective sentence of fourteen (14) years, execution suspended after seven (7) years, with five (5) years probation for violation of General Statutes § 14-227a.
The petitioner brings this pro se amended petition for writ of habeas corpus, dated March 9, 2001, claiming multiple aches and pains, self-diagnosed ailments and, in general, that "[T]his medical department has made unprofessional speculations concerning my health and life: This has been an ongoing problem for over four years. In that time they have yet to adequately deal with my health concerns. I am appealing to this court to address this malpractice, unprofessional conduct, and the incompetence of the medical staff here at C.C.I. Enfield." Am. to Pet. (March 9, 2001), at 4-5.
At the habeas corpus trial, the petitioner testified how physical troubles began about fifteen days after he became incarcerated. He claimed to have serious diarrhea and was given pills for that problem. While at Walker Correctional Institution he was given a gastro-intestinal test (G.I. test), which was negative. He was transferred to Radgowski C.I. and complained of pains in his abdomen and throughout his body. Another G.I. test was administered and found to be negative.
The petitioner testified about a multitude of physical complaints including insomnia, a liver condition, sharp pain in his right side, constant heartburn, headaches, rashes and scars all over his body, eye trouble, and high blood pressure, the medicine for which he claimed has caused serious side effects. He acknowledged two (2) upper G.I. tests, numerous blood tests, fecal tests, urine tests, thyroid tests and abdominal x-rays. On cross-examination, the petitioner acknowledged that it is possible that he did see a medical care provider ode hundred and fifty-eight times since 1996, exclusive of blood pressure checks. Tr. (Mar. 7, 2002), at 30; see also Resp't Ex. A. The petitioner called no other witnesses.
Edward Blanchette, M.D., Clinical Director for the Department of CT Page 7658 Correction, was the sole witness for the respondent. Dr. Blanchette's responsibilities include the supervision of the clinical practice of the nursing staff and physicians employed by the Department of Correction. He testified that he has had multiple communications with health staff regarding the petitioner. He reviewed the multiple entries regarding complaints by the petitioner regarding right upper quadrant pain, liver problems, various physician evaluations, laboratory tests and radiographic studies. The Court believes that it need not itemize the large number of physical examinations, medical tests and a wide variety of medication administered to Mr. Rodriguez in order for it to arrive at a decision in this case.
Dr. Blanchette stated that "[T]here's been an awful lot of effort trying to address his multiple complaints. . . ." Tr. (Mar. 7, 2002), at 45. "All of the traditional methods of treatment that I have at my disposal for some of the complaints that Mr. Rodriguez has voiced have failed, and that, combined with the lack of objective evidence of any disease, makes me feel that the problem may not be entirely one of the physiologic nature." Id.
In the "Conclusion" of his amendment to his original petition, Mr. Rodriguez claims that "This medical department has made unprofessional speculations concerning my health and life. This has been an ongoing problem for over four years. In that time they have yet to adequately deal with my health concerns. I am appealing to this court to address this malpractice, unprofessional conduct, and the incompetence of the medical staff here at C.C.I. Enfield."
Based on the entire record of this case, this Court is unable to find that the medical treatment administered to the petitioner by the medical staffs of any correctional institution within the Department of Correction was "deliberately indifferent" to the petitioner's medical needs. Hunnicutt v. Commissioner of Correction, 67 Conn. App. 65,787 A.2d 22 (2001).
Accordingly, the petition seeking habeas corpus relief is denied.
BARRY, JUDGE TRIAL REFEREE