[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petitioner dated May 8, 2002, petitioner seeks a writ of habeas corpus claiming that he has been denied medical care.
For reasons hereinafter stated, the petition is dismissed.
The evidence indicates that petitioner is a sentenced prisoner confined to the custody of the commissioner of correction. On July 7, 2000, petitioner received a total effective sentence of ten years execution suspended after three and a half years with three years of probation. At present, petitioner is in the custody respondent serving the three and a half years of incarceration.
Attached to the petition is a typewritten statement which amplifies the basic allegations of the petition. In this document, petitioner alleges that one week before he commenced incarceration, a truck rolled over his chest causing him to suffer three cracked vertebrae of the spinal chord. It is also alleged that he suffered nerve damage. Petitioner testified to such an injury and stated that it was work-related.
The mittimus which delivered petitioner into the custody of respondent contained the following notation "MED ATTN 3 cracked vertibray may have problem walking."
Petitioner's medical records have been placed in evidence. The records are quite extensive and appear to cover the period from October, 2000 to September, 2002. Petitioner claims that eighteen months of records have been lost. This loss of records is not of particular significance to these proceedings.
A review of the medical records, and other evidence before the court, indicates that petitioner suffers pain and pins and needles numbness in the lower cervical spine area. He has also complained of pain upon sitting or standing for over 20 minutes. He also testified that at times CT Page 13207 he collapses when agitated. Petitioner stated that these medical problems were caused by the injury to his back suffered prior to incarceration.
The medical records indicate that petitioner has been examined and treated by a number of medical practitioners since he has been in the custody of respondent. Dr. Ganpat Chouhan, who testified in this case, examined petitioner and referred him for a diagnostic radiologic report. This report, dated February 26, 2002, found that after an examination of petitioner his lumbosacral and thoracic spines revealed no evidence of compression, fracture or dislocation. The report also found that there was no significant disc space narrowing. The conclusion reached was that petitioner had osteopenia otherwise the thoracic and lumbar spines were in normal limits. Osteopenia indicates a reduction in bone mass.
A prior diagnostic radiological report requested by Dr. Bianchi, dated July 2, 2001, indicated degenerative changes of L4-L5 with wedging of D-11 and D-12 vertebrae. Prior to that a similar report requested by Dr. Pillai, dated April 19, 2001, indicated an unremarkable cervical spine.
Petitioner feels that he should receive neurological treatment and an MRI.
There is nothing to indicate that these procedures would be of benefit to petitioner.
At the request of Dr. Bianchi, a Utilization Review Committee on August 13, 2001 recommended conservative management of petitioner's problems at the time. At present, he is being treated in accordance with the recommendation of the Utilization Review Committee. This treatment consists of medication to alleviate petitioner's pain and discomfort. At present, at least ten medications have been prescribed for petitioner. Some of these medications have been prescribed to alleviate petitioner's pain. Some of the medications are prescribed to reduce the dangerous side effects which accompany the other medications.
In Sanches v. Warden, 214 Conn. 23, 570 A.2d 673 (1990), our Supreme Court concluded that, although a writ of habeas corpus properly might challenge the legality of an inmate's detention, the scope of such a writ was limited to the vindication of an inmate's constitutional rights. Id., 33. In Arey v. Warden, 187 Conn. 324, 445 A.2d 916 (1982), the court held that, if a writ seeks to vindicate rights under theeighth amendment to the United States Constitution, the petitioner must establish, preferably by objective evidence, that his detention has subjected him to cruel and unusual punishment resulting from the unnecessary and wanton infliction of pain. Id., 328-29. "But conditions that cannot be said to CT Page 13208 be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Hunnicutt v. Commissioner ofCorrection, 67 Conn. App. 65, 69 (2001).
It must be concluded, based upon all of the evidence now before the court, that the medical staff of the department of correction has provided extensive medical support to the petitioner. As Dr. Chouhan stated, this medical help is better than he would have received on the street. This medical support has reasonable limitations. Within those limitations, respondent has made a concerted effort to help petitioner with his medical problems.
Unless a finding of deliberate indifference to petitioner's medical problems can be found, habeas corpus relief cannot be granted. Id., 70. In this case, a finding of deliberate indifference cannot be made. In the past, the medical staff has rendered adequate medical assistance to petitioner and will continue to do so as long as he remains within the custody of respondent.
Accordingly, the petition is dismissed.
Joseph J. Purtill, JTR CT Page 13209