[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 24, 2000, the petitioner filed a petition for a writ of habeas corpus alleging that the respondent warden is violating the petitioner'sEighth Amendment right under the United States Constitution to be free from cruel and unusual punishment. More specifically, the petitioner alleges that "his confinement at [the correctional] institution is illegal because specific conditions in the prison are inhumane and dangerous to [the] petitioner." Am. Pet., at 2.
In support of his petition, the petitioner attached a statement of facts that, in relevant part, states: "That the petitioner has been denied recreation since being placed at the Northern Correctional Institution [hereinafter "NCI"] due to the institutions policy of keeping inmates in full restraints during the one hour per day recreation period. That inmates are handcuffed behind the back, shackled at the ankles, and these two restraints are connected by a heavy tether chain with a lock. That inmates are then led out to a cage, commonly referred to [as] `the kennel' because it so closely resembles a small dog's cage. That inmates remain in full restraints while in the kennel. That in full restraints, in a cage, within a recreation yard which is also caged at the top of its four cement walls, inmates receive absolutely no opportunity to recreate." Id., at 5-6. The respondent denies the petitioner's allegation that these measures violate the petitioner's right to be free from cruel and unusual punishment. For the reasons set forth more fully below, the petition shall be denied.
This matter came before the court for trial on October 4, 2002. The petitioner and Department of Correction Major Thomas Coates testified at the trial. Additionally, the court received into evidence two exhibits: copies of the petitioner's request forms and grievances filed with the Department of Correction regarding the claim raised in the present petition, as well as a copy of the Department of Correction Administrative Directive 9.4 (hereinafter "A.D. 9.4"). The court has reviewed the all of the testimony and evidence and makes the following findings of fact. CT Page 118
 FINDINGS OF FACT
1. The petitioner was in the custody of the Commissioner of Correction at the time he filed the present petition and has remained incarcerated.
2. The petitioner is being held in administrative segregation, phase one, due to his past assaultive behavior towards guards and other inmates.
3. Administrative segregation is not an additional punishment imposed upon an inmate, but instead allows for the safe management of violent inmates who, because of violent behavior or management factors pose a threat to the security of the facility or a risk to the safety of staff or other inmates, can no longer be safely managed in general population.
4. The petitioner is afforded, in accordance with A.D. 9.4, one hour of exercise in a recreation area that is approximately 25' by 30', surrounded by 30' wall and caged at the top. There are two doors into this recreation facility. The respondent does not consider the recreation facility to be a secure area due to the size of the space, the presence of the two doors and problems with the complete security of the doors.
5. A.D. 9.4 requires that inmates in administrative segregation, phase one, shall, prior to release from a cell, be handcuffed behind the back except when making a phone, at which time the inmates be handcuffed in front before leaving the cell. Handcuffs may be removed when an inmate is in a secure shower or secure individual recreation area.
6. Inmates in administrative segregation, phase one, are permitted recreation one (1) hour per day, five (5) days a week in a controlled area, excluding holidays. Restraints (handcuffs) are required unless in a secure individual recreation area. Inmates on restraint status shall not receive recreation with an inmate not on restraint status.
 DISCUSSION OF LAW
"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. In its prohibition of cruel and unusual punishments, the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force CT Page 119 against prisoners. The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." (Internal citations and quotation marks omitted.) Farmer v.Brennan, 511 U.S. 825, 832 (1994).
"In Arey v. Warden, 187 Conn. 324, [328-29] (1982), that court held that, if a writ seeks to vindicate rights under the eighth amendment to the United States constitution, the petitioner must establish, preferably by objective evidence, that his detention has subjected him to cruel and unusual punishment resulting from the unnecessary and wanton infliction of pain. But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. (Internal quotation marks omitted.) Hunnicutt v. Commissioner of Correction,67 Conn. App. 65, 69 (2001).
"The eighth amendment to the United States constitution, which is applicable to the states through the fourteenth amendment, precludes the imposition of cruel and unusual punishment on an individual convicted of a crime. Cruel and unusual punishment encompasses more than barbarous physical punishment. It also includes punishments which involve the unnecessary and wanton infliction of pain and those which are grossly disproportionate to the severity of the crime.
"The test for determining whether a given set of conditions of confinement violates the eighth amendment is not static. It is determined by the evolving standards of decency that mark the progress of a maturing society. These standards are established not by the opinion of experts as to desirable prison conditions, nor by the subjective views of judges, but rather by objective factors to the maximum extent possible. Unquestioned and serious deprivations of basic human needs and deprivation of the minimal civilized measure of life's necessities are obvious cases of eighth amendment violations. . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." (Internal citations and quotation marks omitted.) Arey v. Warden, supra, 187 Conn. 328-29.
In Hudson v. McMillian, 503 U.S. 1, 6-7 (1992), the United States Supreme Court held "that, whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual CT Page 120 Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." "The Eighth Amendment's prohibition of `cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of force, provided that the use of force is not of a sort repugnant to the conscience of mankind."Id., at 10-11.
While the petitioner alleges that his confinement is illegal because specific conditions in the prison are inhumane and dangerous, there is no evidence to show that the petitioner has been subjected to physical force that is repugnant to the conscience of mankind. Nor is there evidence of unnecessary and wanton infliction of pain. The petitioner was placed in administrative segregation, phase one, because of assaultive behavior toward guards and other inmates. A.D. 9.4 requires that inmates in administrative segregation, phase one, be restrained during the recreational period. While A.D. 9.4 gives the respondent the discretion to remove handcuffs when an inmate is in a secure individual recreation area, there is no requirement that the handcuffs must be removed in a secure recreation area. Stated differently, the applicable directives allow, but do not require, the removal of restraints when the inmate is in a secure area, and the respondent is under no mandate to remove the petitioner's restraints.
The respondent, who is responsible for maintaining internal order and discipline, as well as securing correctional institutions against unauthorized access or escape, does not consider the recreational facility in which the petitioner exercises to be a secure area due to the size of the space, the presence of the two doors and problems with the complete security of the doors. Such a determination is entirely in the province of the respondent, and courts, who are ill equipped to deal with the problems of prison administration, should abstain from attempting to resolve prison problems by decree. Washington v. Meachum, 238 Conn. 692,732-33 (1996). The use of full restraints during the recreation period is, in this court's conclusion, reasonable force applied in a good faith effort to maintain discipline surrounding the petitioner, an individual who has proven his tendency to resort to violent behavior toward correction staff and other inmates.
Based on the foregoing, this court concludes that the petitioner has failed to show that the restraints applied by the respondent to the petitioner during his recreation violate the constitutional prohibition against cruel and unusual punishment.
Accordingly, the petition for a writ of habeas corpus is denied.
 ___________________ S.T. FUGER, JR., JUDGE
CT Page 121