## EARL RICHARDS, JR. *v.* LOIS RICHARDS
### (AC 21348)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12—officially released December 18, 2001

*David M. Wallman* filed a brief for the appellant (defendant).

*Howard C. Eckenrode* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Lois Richards, appeals from the judgment of the trial court ordering a partition by sale of the parties' marital residence. The defendant claims on appeal that the court improperly failed to apply the doctrine of res judicata as a bar to the plaintiff's partition action because the Superior Court's prior dissolution judgment already had divided the marital property. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. The plaintiff, Earl Richards, Jr., and the defendant were separated after a judgment of legal separation. The separation was later converted into a judgment of dissolution pursuant to General Statutes § 46b-65 (b). The dissolution judgment contained two provisions relating to the marital residence. The first provided that the parties would retain their one-half interests in the real property as tenants in common without the right of survivorship. The second provision ordered the plaintiff and the defendant to share equally in the expenses of operating and maintaining the residence as long as they jointly owned it. It also provided that the court would retain jurisdiction to enforce that provision.

The plaintiff subsequently commenced an action to obtain a partition of the marital residence. In response, the defendant filed a special defense, asserting that the plaintiff's claim was barred by res judicata and collateral estoppel based on the dissolution judgment.

In its memorandum of decision, the court determined that the judgment was not intended to prohibit partition. It rendered judgment for the plaintiff and ordered that the residence be partitioned by sale. This appeal followed.

The defendant claims that the plaintiff's partition action is barred by the doctrine of res judicata because the division of the marital home is the same claim that was litigated in the dissolution proceeding. She asserts that because the parties had the opportunity to address the division of marital property in the dissolution litigation, the plaintiff is barred by res judicata from seeking a partition of the jointly owned residence.

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Internal quotation marks omitted.) *Daw* v. *Zoning Board of Appeals*, 63 Conn. App. 176, 183–84, 772 A.2d 755, cert. denied, 256 Conn. 931, 776 A.2d 1145 (2001). The applicability of res judicata raises a question of law that is subject to our plenary review. *Linden Condominium Assn., Inc.* v. *McKenna*, 247 Conn. 575, 594, 726 A.2d 502 (1999). We therefore must determine whether the trial court's decision is legally and logically correct. See *Bartomeli* v. *Bartomeli*, 65 Conn. App. 408, 412, 783 A.2d 1050 (2001).

In the present case, the provision in the dissolution judgment ordering the parties to maintain the marital residence as long as they jointly owned it is pivotal to

our disposition of the defendant's claim. It is axiomatic that in applying the doctrine of res judicata we remain cognizant that "[t]he scope of matters precluded necessarily depends on what has occurred in the former adjudication." (Internal quotation marks omitted.) *Milford* v. *Andresakis*, 52 Conn. App. 454, 463, 726 A.2d 1170, cert. denied, 248 Conn. 922, 733 A.2d 845 (1999).

In its memorandum of decision, the trial court implicitly found that the doctrine of res judicata did not apply to the plaintiff's action when it determined that the partition action was not barred by the dissolution judgment. This decision is legally and logically correct. As a matter of plain meaning and common parlance, the phrase "as long as they jointly own it" contemplates the possibility of a partition, sale, or other disposition at some time in the future subsequent to the entry of the dissolution judgment. It appears that when the court fashioned the dissolution judgment, it left open the possibility of future action with regard to the marital residence. This interpretation also makes sense in the context of the dissolution, as the court was likely anticipating a situation in which the parties might not continue as tenants in common.

Because the dissolution judgment did not preclude, but rather contemplated, the possibility of a subsequent partition, the doctrine of res judicata does not apply. Moreover, the doctrine of res judicata is not applicable to the action for partition here because the plaintiff is not seeking to relitigate or reallocate the apportionment of the marital property. We conclude that the trial court's determination that res judicata did not bar the plaintiff's partition action is correct.

The judgment is affirmed.