[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUMMARY RULING ON THE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S COUNTERCLAIM AND SPECIAL DEFENSES
The plaintiff Karen Hart instituted this action seeking a partition of real property jointly owned by the plaintiff and the defendant William Hart. Pending before the court is the plaintiffs motion to strike the defendant's counterclaim and special defenses on the ground that they fail to assert legally cognizable claims in a partition proceeding. In brief, the counterclaim and special defenses are based on the defendant's factual allegations that the partition action is inconsistent with the terms of a divorce decree and subsequent agreements between the parties. In ruling on the motion to strike, the court must assume the truth of these allegations. For the following reasons, the motion to strike is denied.
The plaintiff is mistaken about a court's authority to order a partition, on one hand, and the sanctity and enforceability of a property division under a divorce decree, on the other. If the property in question has not been sold in compliance with the divorce decree, than either appropriate motions may be filed with the divorce court, or a collateral action may be instituted to enforce the judgment. The plaintiff cannot use a partition action to avoid or circumvent the terms of a divorce decree that delineates the manner in which marital property is to be liquidated and divided. Basic principles of collateral estoppel and res judicata preclude such a result.
The plaintiffs reliance on Richards v. Richards, 67 Conn. App. 381
(2001) is misplaced because the court there found that the subsequent partition action was consistent with the terms of the divorce decree and was a situation likely anticipated by the decree. The other case relied on by the plaintiff, Fernandes v. Rodriquez, 225 Conn. 47 (2000), is also inapposite because the issues raised by the defendant in the counterclaim and special defenses here go to the heart of whether the plaintiff is entitled to the relief sought by the complaint. CT Page 523
Therefore, the motion to strike is hereby denied.
So ordered 15th of January 2003.
 ___________________ STEVENS, JUDGE
CT Page 524