KATHERINE RATHBLOTT *v.* PAUL L. RATHBLOTT
(AC 23122)

Foti, Dranginis and Bishop, Js.

Argued May 8—officially released October 14, 2003

*William R. Donaldson*, with whom, on the brief, were *Marc J. Grenier* and *Christopher Norris*, for the appellant (plaintiff).

*Paul L. Rathblott*, pro se, the appellee (defendant).

### Opinion

DRANGINIS, J. The plaintiff, Katherine Rathblott, now known as Katherine Mersereau, filed this dissolution of marriage action against the defendant, Paul L. Rathblott, in November, 1997. In a memorandum of decision dated April 6, 1999, the trial court, *Harrigan, J.*, rendered judgment dissolving the marriage of the parties. The plaintiff now appeals from the postjudgment orders of the court, *Hon. John T. Downey*, judge trial referee, regarding the division of certain personal property and the costs associated with storing that

property. On appeal, the plaintiff claims that the court (1) lacked jurisdiction to disturb the court's April 6, 1999 decree of dissolution by rendering postjudgment orders regarding the sale of the parties' personal property and (2) improperly ordered that the parties were to divide equally all postjudgment costs associated with the storage of their undivided personal property.[1] We conclude that the court lacked authority to issue postjudgment orders respecting the parties' personal property and the sharing of costs associated with the storage of that property. Accordingly, we reverse the judgment of the trial court.

The relevant facts and procedural history are as follows. In a memorandum of decision dated April 6, 1999, the court, *Harrigan, J.*, rendered judgment dissolving the marriage of the parties. The court also divided most of the parties' real and personal property at that time. The memorandum of decision contains numerous provisions regarding that division. Two of those provisions are relevant to the plaintiff's appeal. First, in paragraph eighteen, the court stated: "The plaintiff is awarded her jewelry, antique boxes and art work, total value given of $19,000 by her, as her sole property." Second, in paragraph twenty-six, the court stated: "The plaintiff and defendant are to attempt to complete the division of their furniture, furnishings and miscellaneous tangibles. If unable to do so, either party may move the court for an articulation." Neither party appealed from the judgment of dissolution.

On July 12, 1999, the plaintiff filed a motion for contempt in which she alleged that the defendant was in contempt of the judgment of dissolution because he

---

[1] The plaintiff also claims that the court deprived her of personal property without an evidentiary hearing in violation of her due process rights. In light of our conclusion that the court lacked authority to entertain the defendant's motion regarding a division of the parties' personal property, we decline to address the plaintiff's due process claim.

possessed some of the property that the court had awarded to her in paragraph eighteen of its memorandum of decision and that he had failed to deliver that property to her. That motion was never heard because the plaintiff did not pursue it, and it was marked off the court's calendar on October 12, 1999, pursuant to Practice Book § 25-34 (c).[2]

The parties made numerous postjudgment attempts to complete the division of their personal property; all failed.[3] Thereafter, on April 30, 2002, approximately three years after the court had rendered judgment dissolving the parties' marriage, the defendant filed two postjudgment motions relating to the parties' personal property. His first motion, entitled "motion regarding personal property," requested that the court schedule a hearing regarding the division of the parties' personal property or, in the alternative, that the court order the parties to exchange position statements by a date certain, thereby affording the court a basis for rendering a decision regarding a division of the property. The defendant also filed a motion for an order regarding storage fees in which he alleged that after the marital home was sold, he was forced to move the parties' as yet undivided personal property to a storage facility, and that the plaintiff had refused to contribute toward

---

[2] Practice Book § 25-34 (c) provides in relevant part: "Failure to appear and present argument on the date set by the judicial authority shall constitute a waiver of the right to argue unless the judicial authority orders otherwise. Unless for good cause shown, no motion may be reclaimed after a period of three months from the date of filing. . . ."

[3] The defendant filed four postjudgment motions. The court denied the first of those motions because counsel did not certify that a copy was mailed to the plaintiff or the plaintiff's counsel. The defendant filed the second, regarding discovery, on October 30, 2000. That motion was disposed of by stipulation on May 14, 2001. Pursuant to the stipulation, the plaintiff agreed to comply with the defendant's postjudgment discovery requests by May 28, 2001. Additionally, pursuant to the stipulation, the court referred motions 233 and 238, regarding the division of the parties' personal property, to the family relations office for mediation.

the costs of moving and storing that property. He requested an order requiring the plaintiff to pay half of those costs.

On May 13, 2002, without conducting an evidentiary hearing, Judge Downey ordered that the parties' personal property, which was still being held in storage, be auctioned and that both parties share equally the costs associated with the storage and auction of the property.[4] This appeal followed. Additional facts will be set forth as necessary.

## I

The plaintiff first claims that the court lacked subject matter jurisdiction to order a sale of the parties' stored personal property because some of the property being held in storage may have been property that the court previously had awarded to her in paragraph eighteen of its memorandum of decision dissolving the marriage. In other words, she argues that in his motion regarding personal property, the defendant essentially was seeking a modification of the terms of the property settlement and that a court may not properly retain jurisdiction over orders regarding the division of marital property. We conclude that the court lacked authority to issue orders on the defendant's postjudgment motions regarding personal property and, accordingly, reverse the judgment.

Because a determination regarding a court's subject matter jurisdiction is a question of law, our review is plenary. *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 846, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001). We begin our analysis by noting that "[u]nlike jurisdiction over the person, subject matter jurisdiction cannot be created through consent or

---

[4] There was no explicit order that the parties share equally in the proceeds of such sale.

waiver. . . . Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case. . . . Whenever a court finds that it has no jurisdiction, it must dismiss the case, without regard to previous rulings." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 813, 786 A.2d 1091 (2002).

"On its face, the statutory scheme regarding financial orders appurtenant to dissolution proceedings prohibits the retention of jurisdiction over orders regarding lump sum alimony or the division of the marital estate. General Statutes § 46b-81 (a) provides in relevant part: (a) At the time of entering a decree . . . dissolving a marriage . . . the Superior Court may assign to either the husband or wife all or any part of the estate of the other. . . . Similarly, General Statutes § 46b-82 also provides that the court may order alimony [a]t the time of entering the [divorce] decree . . . . General Statutes § 46b-86, however, explicitly permits only modifications of any final order[s] for the periodic payment of permanent alimony . . . . Consequently, the statute confers authority on the trial courts to retain continuing jurisdiction over orders of periodic alimony, but not over lump sum alimony or property distributions pursuant to § 46b-81. *Bunche* v. *Bunche*, 180 Conn. 285, 289, 429 A.2d 874 (1980) (§ 46b-81 deprives trial court of continuing jurisdiction over assignment of property appurtenant to dissolution proceeding)." (Internal quotation marks omitted.) *Smith* v. *Smith*, 249 Conn. 265, 273–74, 752 A.2d 1023 (1999).

In the present case, however, this court has no way of knowing whether the trial court, in fact, ordered sold some of the property that it had previously awarded to the plaintiff because she never raised that issue before the court during argument on the defendant's motion.

Furthermore, the court failed to conduct an evidentiary hearing on the defendant's motion before issuing its order.

Under such circumstances, we ordinarily would be inclined to remand the case for an evidentiary hearing. See *Roberts* v. *Roberts*, 32 Conn. App. 465, 474–76, 629 A.2d 1160 (1993). In the present case, however, we conclude that it is unnecessary to do so. We conclude, instead, that § 46b-81 authorizes the court to issue orders respecting marital property only at the time of dissolution; it does not authorize postjudgment orders for the division of marital property. Accordingly, in the present case, the court lacked authority to issue a postjudgment order that the marital property, which the court failed to assign to either party at the time of dissolution, be sold at auction.

As our Supreme Court has explained, there is a "distinction between a trial court's jurisdiction and its authority to act under a particular statute. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. . . .

"Although related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be

exercised in order to comply with the terms of the statute." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

It is clear that in the present case, the court had jurisdiction to make a determination regarding the division of the parties' personal property because General Statutes § 46b-1 provides the Superior Court with plenary and general subject matter jurisdiction over legal disputes in "family relations matters," including those involving property division.

"[I]t is equally well settled [however] that [c]ourts have no inherent power to transfer property from one spouse to another; instead, that power must rest upon an enabling statute." (Internal quotation marks omitted.) *Smith* v. *Smith*, 249 Conn. 265, 272, 752 A.2d 1023 (1999). The court's authority to transfer property appurtenant to a dissolution proceeding rests on § 46b-81. That section provides in relevant part: "*At the time of entering a decree* . . . dissolving a marriage . . . the Superior Court may assign to either the husband or wife all or any part of the estate of the other. . . ." (Emphasis added.) General Statutes § 46b-81 (a). Accordingly, the court's authority to divide the personal property of the parties, pursuant to § 46b-81, must be exercised, if at all, at the time that it renders judgment dissolving the marriage. See *Rosato* v. *Rosato*, 77 Conn. App. 9, 14, 822 A.2d 974 (2003) (assignment of property may be made only at time of marital dissolution).

The recent case of *Bee* v. *Bee*, 79 Conn. App. 783, 831 A.2d 833 (2003), is factually distinguishable. In rendering its judgment of dissolution, the trial court in *Bee* ordered the defendant to transfer 50 percent of two individual retirement accounts to the plaintiff by way of a qualified domestic relations order. The court also ordered that the defendant was to retain several items

of personal property and that he was to remove those items from the marital home. With respect to those two orders, the court stated that it would *retain jurisdiction* to ensure that its orders were effectuated by the parties.

In the present case, the court that rendered the judgment of dissolution did not exercise its authority to divide the parties' personal property at the time that it rendered judgment dissolving the marriage. Instead, the court left it to the parties "to complete the division . . . ." Although the court did state that if the parties were unable to do so, either party could *move for an articulation,* an articulation is simply an explanation of a previous order or ruling. See, e.g., *Connecticut National Bank* v. *Gager,* 263 Conn. 321, 325, 820 A.2d 1004 (2003); *Gilbert* v. *Gilbert,* 73 Conn. App. 473, 476, 808 A.2d 688 (2002); *State* v. *Constantopolous,* 68 Conn. App. 879, 881 n.2, 793 A.2d 278, cert. denied, 260 Conn. 927, 798 A.2d 971 (2002). The court's postjudgment order, therefore, contemplates that a previous ruling on the distribution had been made. There was, however, no order made regarding the distribution of the parties' personal property, other than that the parties were to attempt to divide it. An articulation, therefore, would be of no help to the parties here, even if the parties had attempted to follow that road map by filing a motion for articulation.

We therefore conclude that the court lacked authority under § 46b-81 to issue postjudgment orders regarding the parties' personal property long after the time of dissolution.

II

The plaintiff also claims that the court improperly ordered the parties to divide equally all postjudgment costs associated with their undivided personal property in violation of both the judgment of dissolution and a

postjudgment order of the court. She argues that the defendant was barred by res judicata from seeking an order requiring her to share in the costs of the storage fees. We disagree.

"The applicability of res judicata raises a question of law that is subject to our plenary review." *Richards* v. *Richards*, 67 Conn. App. 381, 383, 786 A.2d 1247 (2001). "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties . . . in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Internal quotation marks omitted.) Id.

The following additional facts are relevant to our resolution of that issue. In paragraph fifteen of its April 6, 1999 memorandum of decision, the court stated that the "New Canaan Bank and Trust (account 6000023866), containing $42,094.64 as of January 6, 1999 is awarded to the plaintiff as her sole property." In paragraph twenty-five, the court stated: "The defendant shall be solely responsible for his listed liabilities."

Furthermore, the record reveals that on April 15, 1999, after the court rendered the judgment of dissolution, the defendant contracted with a moving company to have the parties' miscellaneous personal property moved and stored. In so doing, the defendant incurred costs for both moving and storage.

Thereafter, the defendant apparently withdrew funds from the New Canaan Bank and Trust account, which had been awarded to the plaintiff in the judgment of dissolution, representing, what he believed to be, the

plaintiff's share of the costs to move and to store that property. On June 23, 1999, the plaintiff filed a motion for contempt, arguing that at the time of trial, the account contained $42,094.64, that the account had been awarded to her, that the defendant had paid only $8355.86 of the total amount to her and, therefore, that he should be ordered to pay to her the balance of $33,738.78. That motion was argued on July 12, 1999, before the court, *Harrigan, J.* During argument, the court indicated to the defendant that it would not order that he be reimbursed for storage costs, postjudgment. The court stated that it could not "settle it by tinkering with this judgment. It's now final. If you think you've got an unjust enrichment, you'll have to seek some separate litigation . . . ." The parties stipulated that the defendant would pay to the plaintiff the sum of $26,035.18, and the court denied the motion for contempt.

In the present case, it is clear that there was no final judgment on the merits regarding the storage fees and, therefore, the defendant was not barred, pursuant to the doctrine of res judicata, from seeking a partial reimbursement of those costs. We also conclude, however, that because the order regarding storage fees constituted an assignment of property and was collateral to the court's order regarding the sale of the property, the court had no authority to make such an order postjudgment.[5]

We appreciate the fact that the court, by ordering a practical solution to the parties' stalemate, saw the folly of another costly and inefficient lawsuit to divide the property after so many years. The court tried to save

[5] We note that our holding in this appeal should not be construed as one that forecloses the parties from initiating an independent proceeding seeking a determination regarding their undivided personal property, and the costs associated with moving and storing that property. See, e.g., *Richards* v. *Richards*, supra, 67 Conn. App. 381.

the parties from their own gamesmanship; however, it did so in a way that we cannot affirm in light of the limitation of § 46b-81.

The judgment is reversed.

In this opinion the other judges concurred.

