MICHELE ROOS *v.* DALE ROOS, SR.
(AC 24537)

Foti, Flynn and McLachlan, Js.

Argued May 27—officially released August 10, 2004

*Michael S. Carron*, with whom, on the brief, was *Dale Roos, Sr.*, pro se, for the appellant (defendant).

*Marianne J. Charles*, for the appellee (plaintiff).

*Opinion*

FLYNN, J. The defendant, Dale Roos, Sr., appeals from the judgment of the trial court finding him in contempt and issuing certain postjudgment orders in response to the motion to show cause filed by the plaintiff, Michele Roos. On appeal, the defendant claims that the court improperly (1) denied his motion to dismiss for lack of subject matter jurisdiction, (2) ordered a repayment schedule without making a finding that he had the ability to pay and (3) applied the incorrect burden of proof with regard to the finding of contempt.[1] We affirm the judgment.

---

[1] The defendant also separately claims that the court improperly entered a postjudgment contempt order on the basis of his postjudgment behavior without having the jurisdiction to do so. Because that claim relates to the court's subject matter jurisdiction, we address it as part of the defendant's first claim.

The following facts are relevant to the defendant's appeal. The marriage of the plaintiff and the defendant was dissolved on April 19, 2002. The parties' separation agreement, which delineated the accorded property settlement and maintenance of the parties, was accepted by the court and incorporated by reference into the judgment of dissolution. Specifically, article XI, § B, of the agreement provided: "Each party further agrees that neither will hereafter incur or contract any debt, charge or liability whatsoever for which the other, or legal representative, property or estate of the other, may hereafter become liable, and that for any such debt, charges or liabilities, each shall at all times indemnify and hold the other harmless therefrom."

Almost ten months after the dissolution, the plaintiff filed a motion to "Show Cause Why the Defendant Should not be Found in Contempt," claiming that the defendant was in violation of the court's order because he improperly had contracted debt by charging more than $12,000 on a credit card belonging to the plaintiff. The defendant orally raised a question of subject matter jurisdiction during the hearing on the plaintiff's motion, and the court held that it retained jurisdiction over its judgment and that the matter properly was before it. Subsequently, the court found the defendant in contempt and ordered him incarcerated for a period not to exceed thirty days. This order was suspended for a period of one week to allow the defendant the opportunity to purge by paying to the plaintiff the sum of $5000. The defendant was further ordered to make monthly payments thereafter in the amount of $500 until he paid to the plaintiff $12,263.75 for the credit card debt he had incurred in the plaintiff's name and an additional amount of $3000 for her attorney's fees for a total of $15,263.75.

The defendant orally asked the court to clarify whether it had made a finding that he had the ability

to make the $5000 payment. The court responded that its order was clear and that it believed that under all the circumstances the amount was "fair and reasonable." The defendant made no further request for an articulation. This appeal followed.

Because the defendant has failed to provide an adequate record for review; see Practice Book § 61-10;[2] by failing to file a motion for articulation or by providing this court with a signed transcript of the court's oral decision, we will review only the defendant's claim that the court lacked subject matter jurisdiction, that being purely a question of law warranting plenary review. See *Norwalk* v. *Farrell*, 80 Conn. App. 399, 406 n.10, 835 A.2d 117 (2003).

The defendant claims on appeal that the court was without subject matter jurisdiction to hear the plaintiff's motion for contempt. He argues that "[t]he court did not have subject matter jurisdiction to decide the issue as to whether the defendant was in contempt due to his excessive charges on the plaintiff's credit card because the divorce decree had been finalized and its terms did not contemplate the factual circumstances upon which the motion for contempt was based." Additionally, the defendant argues that the family court's jurisdiction extends only to those areas specifically mentioned in General Statutes § 46b-66(a)[3] and that the

[2] Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. . . ."

[3] General Statutes § 46b-66 (a) provides in relevant part that "where the parties have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children or concerning alimony or the disposition of property, the court shall inquire . . . in order to determine whether the agreement . . . is fair and equitable . . . . If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. . . ."

plaintiff's remedy was an action for breach of contract, not a motion for contempt for violation of the family court order.

The plaintiff responds that this is exactly the scenario that was contemplated by the agreement and the court's order, i.e., that "neither party [was] to contract debt in the other's name," and that the matter properly was before the family court because the defendant violated a specific order of that court. We agree with the plaintiff that the court did have subject matter jurisdiction to consider a motion for contempt that alleged a violation of its original judgment.

"[I]n determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Bee* v. *Bee*, 79 Conn. App. 783, 799, 831 A.2d 833, cert. denied, 266 Conn. 932, 837 A.2d 805 (2003). We recognize a distinction between a court's jurisdiction and its statutory authority to act. See 1 Restatement (Second), Judgments § 11 (1982). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

General Statutes § 46b-66 (a) specifically grants the court the authority to incorporate by reference into its judgment of dissolution a fair and equitable separation agreement concerning several enumerated items, including the disposition of property, thereby making

it an order or decree of the court. "The purpose of a dissolution action is to sever the marital relationship, to fix the rights of the parties with respect to alimony and child support . . . [and] to divide the marital estate . . . ." (Citations omitted; internal quotation marks omitted.) *Bouchard* v. *Sundberg*, 80 Conn. App. 180, 189, 834 A.2d 744 (2003). The trial court is empowered to deal broadly with the equitable division of property incident to a dissolution proceeding, and, consistent with the purpose of equitable distribution statutes generally, the term property should be interpreted broadly as well. *Jewett* v. *Jewett*, 265 Conn. 669, 682, 830 A.2d 193 (2003). General Statutes § 46b-81[4] "confers broad powers upon the court in the assignment of property," and the allocation of liabilities and debts is a part of the court's broad authority in the assignment of property. *Schmidt* v. *Schmidt*, 180 Conn. 184, 191, 429 A.2d 470 (1980). In addition, General Statutes § 46b-1 provides in relevant part that "[m]atters within the jurisdiction of the Superior Court deemed to be family relations matters shall be matters affecting or involving: (1) [d]issolution of marriage . . . and (17) all such other matters within the jurisdiction of the Superior Court concerning children or family relations as may be determined by the judges of said court."

In *Sachs* v. *Sachs*, 60 Conn. App. 337, 759 A.2d 510 (2000), the defendant appealed from the court's order awarding the plaintiff one third of the defendant's future pension benefits on the grounds that the court misinterpreted the parties' settlement agreement and that the court was without subject matter jurisdiction because § 46b-81 did not authorize the court to award future benefits. Id., 340–41. The challenged order specifically

---

[4] General Statutes § 46b-81 (c) provides in relevant part, "In fixing the nature and value of property . . . the court . . . shall consider the . . . liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. . . ."

gave the plaintiff "one third of all postdissolution deposits made to the defendant's retirement plans and the earnings thereon." Id., 338. In *Sachs*, we held, pursuant to §§ 46b-1 and 46b-81, that the court had jurisdiction over the plaintiff's claim. We explained that the question was not one of subject matter jurisdiction, but, rather, it was one of authority. Id., 345–46. "Although related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute." (Internal quotation marks omitted.) *Amodio* v. *Amodio*, supra, 247 Conn. 728.

In the present case, we conclude that the court had the power to hear the plaintiff's motion for contempt, which was filed on the basis of an alleged violation of the court's order in this dissolution case.

We next address whether the court had the statutory authority originally to incorporate article XI, § B, of the parties' separation agreement into its order of dissolution and subsequently to consider a motion for contempt on the basis of an alleged violation thereof. As we have explained, our statutes give the court the authority to dispose of and to distribute the marital estate in a dissolution proceeding. See General Statutes § 46b-66 (a) (authority to incorporate separation agreement dealing with disposition of property); General Statutes § 46b-81 (authority to assign property and to allocate liabilities and debts of parties). Additionally, § 46b-1 gives the court the jurisdiction to entertain, as family matters, all "matters affecting or involving: (1) [d]issolution of marriage . . . and (17) all such other matters within the jurisdiction of the Superior Court concerning children or family relations as may be determined by the judges of said court."

"[I]t is equally well settled . . . that [c]ourts have no inherent power to transfer property from one spouse to another; instead, that power must rest upon an enabling statute. . . . The court's authority to transfer property appurtenant to a dissolution proceeding rests on § 46b-81. . . . Accordingly, the court's authority to divide the personal property of the parties, pursuant to § 46b-81, must be exercised, if at all, at the time that it renders judgment dissolving the marriage." (Citations omitted; internal quotation marks omitted.) *Rathblott* v. *Rathblott*, 79 Conn. App. 812, 819, 832 A.2d 90 (2003). A court, therefore, does not have the authority to modify the division of property once the dissolution becomes final. See id.

Although the court does not have the authority to modify a property assignment, a court, after distributing property, which includes assigning the debts and liabilities of the parties, does have the authority to issue postjudgment orders effectuating its judgment. See *Clement* v. *Clement*, 34 Conn. App. 641, 646, 643 A.2d 874 (1994) (nonpayment of mortgage by husband, causing wife to lose house, undermined integrity of court's judgment; therefore, court properly ordered husband to pay wife value of loss); *Roberts* v. *Roberts*, 32 Conn. App. 465, 471, 629 A.2d 1160 (1993) (order to auction property seen as effectuating original judgment despite fact that original judgment did not call for sale at auction).

Our resolution of the issue, then, turns on whether the court's order modified or merely enforced the original property distribution as expressed in the dissolution decree. "A modification is [a] change; an alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." (Internal quotation marks omitted.) *Santoro* v. *Santoro*, 70 Conn. App. 212, 217, 797 A.2d 592 (2002). "If a party's

motion can fairly be construed as seeking an effectuation of the judgment rather than a modification of the terms of the property settlement, this court must favor that interpretation." (Internal quotation marks omitted.) Id. "Similarly, when determining whether the new order is a modification, we examine the practical effect of the ruling on the original order." (Internal quotation marks omitted.) Id.

The original judgment of dissolution provided that each party would incur no debts, charges or liabilities for which the other party may become liable and that each party would "at all times indemnify and hold the other harmless therefrom." Because the original decree required the defendant to indemnify and hold harmless the plaintiff in the event that the defendant incurred debts, charges or liabilities, and the defendant admittedly charged large amounts on the plaintiff's credit card, we conclude that the court's consideration of and decision on the plaintiff's motion for contempt did not alter the terms of the original order, but rather fashioned a remedy appropriate to protect the integrity of its original judgment.

As to the defendant's remaining claims, "[i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Sheppard* v. *Sheppard*, 80 Conn. App. 202, 214, 834 A.2d 730 (2003).

Here, the defendant did not request, pursuant to Practice Book § 66-5,[5] an articulation of the court's decision.

[5] Practice Book § 66-5 provides in relevant part: "A motion seeking . . . an articulation . . . of the decision of the trial court shall be called . . . a motion for articulation. . . . Any motion filed pursuant to this section shall state with particularity the relief sought. . . . The trial court may make

Additionally, although the defendant filed with this court two copies of the oral decision of the trial court, neither copy was signed by the trial court, as is required under Practice Book § 64-1.[6] The appellant bears the burden of furnishing this court with an adequate record to review his claims. See Practice Book § 61-10.[7] Accordingly, because the defendant has failed to meet this burden, we decline to review his claims further.

The judgment is affirmed.

In this opinion the other judges concurred.

such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk. . . . The sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion filed pursuant to this section . . . shall be by motion for review under Section 66-7. . . ."

[6] Practice Book § 64-1 provides in relevant part: "(a) The court shall state its decision either orally or in writing . . . . The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office. . . .

"(b) If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by paragraph (a), the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with paragraph (a). . . . The trial court shall thereafter comply with paragraph (a)."

